, No. 2114.

JOHN E. JONES v. A. C. PARKER.

1. **RECITALS—LIMITATION—CONCLUSIVENESS OF JUDGMENT.**—The recital in a judgment approving the accounts of a guardian and discharging him from the guardianship, that the ward had arrived at full age, will not, in a suit brought against the guardian by the ward to revise the final settlement, conclude him from showing that he was still a minor when the final settlement was made and the judgment rendered.

2. **PLEADING—BILL OF REVIEW.**—When a party interested in an estate seeks by bill of review to revise the final or other account of a guardian or administrator, the items of account complained of must be pointed out and the errors designated and set forth in the petition.

3. **GUARDIAN AND WARD.**—A guardian should not be allowed credit for expenditures for the education and maintenance of the ward beyond the amount of the income of his estate, unless an order of court has been obtained authorizing the same.

4. **WITNESS—STATUTE CONSTRUED.**—Article 2248 of the Revised Statutes has no application to suit brought by a ward against his former guardian to revise the final account rendered by the latter. In such a suit either party is a competent witness in regard to transactions between the gurdian and ward, as such.

5. **CONTRACT—ESTOPPEL—GUARDIAN AND WARD.**—The declarations of a ward made to his guardian before attaining his majority that he would soon be twenty-one years old, and that he would then on final settle

ment allow the guardian credit for goods purchased of the guardian, is not binding on the ward after he attains his majority, either as a contract or by way of estoppel.

6. GUARDIAN AND WARD.—A mere verbal order from the county judge to a guardian to expend for the ward's support the money of the estate in excess of the income can afford no protection to the guardian.

7. FACT CASE.—See this case for a statement of the items of account which might properly be allowed the guardian in a settlement with his ward.

8. PRACTICE—RESTATEMENT OF ACCOUNTS.—Upon a bill of review filed by the former ward against the guardian to correct his final settlement, when the trial is in the district court, the findings by the court should designate the particular items found incorrect, and which correct; and should specify distinctly the several corrections and revisions of account made by the court.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazle-wood.

*G. H. Gould* and *W. C. Buford,* for appellant.

*J. H. Turner,* for appellee.

GAINES, ASSOCIATE JUSTICE. One J. B. Murray, who was a defendant in the court below, but who is not a party to this appeal, was appointed in 1873, guardian of the estate of appellee, who was then a minor. He resigned his trust in May, 1880, and made his final settlement. Appellant was on the twenty-first day of that month appointed guardian both of the person and estate of appellee, and duly qualified as such upon the theory that the ward had arrived at full age on March 15, 1882. Appellant on that day filed his account for a final settlement, which was approved by the court. In August, 1884, the judge of the county court being disqualified to try the cause, this suit was brought in the district court against Murray and appellant, to revise the final settlements of their respective guardianships. The causes of action against the defendants would seem to be distinct and the proceeding therefore anomalous. But we find no exception to the petition on this ground, and we cannot consider the question. It may be that under the statute which makes the second guardian responsible for the property which came to the hands of the first, appellee may have had right to go behind the final settlement of Murray, and to charge appellant for any part of his estate for which Murray had not properly accounted. (Rev. Stat., arts. 2619, 2620.) But would it follo w from this that a sui

against the first guardian by the ward after he became of age, to revise his final settlement, could be joined with a like suit against the second? The disposition of the case in the court below renders it unnecessary to decide either of the points suggested. A judgment there was rendered in favor of Murray against appellee, and the latter has not appealed. The court below found that appellant was not chargeable with any of the assets of the former guardianship, except such as he had actually received and accounted for; so that he has no right to complain on that score.

There are many points raised by appellants numerous assignments of error, but, in the view we take of the case, there are not many that we need to consider. One of the most prominent is the question of the statute of limitations. It is conceded that if appellee had attained his majority when appellant made his final settlement in March, 1882, he is barred of his action by limitation of two years. The petition, however, alleges that he did not arrive at full age until December of that year. The judgment of the county court upon appellant's final account (which account this suit sought to review) recites that it appeared to the court "that the said Augustus C. Parker had arrived at the age of twenty-one years," and it is now contended that this is conclusive upon the appellee, and that he was estopped to deny in this action the truth of that recital. We do not think this proposition can be maintained. If the appelle was in fact a minor at the date of the judgment, as the petition alleges, then, in order to estop him by the finding by the court of a jurisdictional or other fact, he must have been represented by a guardian *ad litem.* At common law, a judgment rendered against an infant not so represented, although he is served with process, is voidable; and it would seem that a motion for the purpose, or a writ of error *coram nobis,* is an appropriate remedy in the court where rendered in order to set it aside. (7 Waite's Actions and Defenses, 147, 148, and cases there cited; Tyler on Infancy and Coverture, 205, and cases cited; McMurray v. McMurray 60 N. Y., 174.) That such a judgment is irregular and erroneous is recognized by our own courts. (Puckett v. Johnson, 45 Texas, 550. See also Wheeler v. Ahrenbaak, 54 Texas, 535.) A writ of error is the proper remedy to vacate such a voidable judgment in the district court, if the fact of the defendant's infancy appeared upon the face of the record. But if not, it is apparent that sole resort would be the forum that gave the judgment. (McClelland

v. Moore, 48 Texas, 355; Milam County v. Robertson, 47 Texas, 222; Iturri v. McLeod, 26 Texas, 84; San Antonio v. Lewis, 26 Texas, 318; McAncear v. Epperson, 54 Texas, 225; Seguin v. Maverick, 24 Texas, 526.)

It does not appear from the record before us whether the ward was cited to the settlement in the county court or not, but this may be presumed because the statute required that it should be done. (Rev. Stat., art. 2685.) Nor does it appear that any guardian *ad litem* was appointed to represent appellant in the proceedings. The statute makes no provision for such appointment, for the obvious reason that the final settlement takes place after the minor has attained his majority, and is capable, in law, of acting for himself. Hence, if at the time of the settlement under consideration the appellee was in fact a minor, the judgment of the county court as to him was voidable, and by no presumption of law or finding of the court can he be estopped to show the fact of his minority, in order to vacate it. We conclude that the judgment of the county court did not preclude him from averring and proving his true age; and the court having found that he did not attain his majority until December, 1882, that his bill to review that judgment was brought in time.

But some of the assignments of error are well taken. These errors will necessarily require a reversal of the judgment, unless we can say that they did not prejudice the appellant's rights in the controversy, and are therefore immaterial. We could only say this in the event the undisputed facts adduced in evidence showed that appellee was in law entitled to recover, in any state of the case, at least the amount of the judgment of the court below.

Our statute applicable to the proceeding in this case is that "any person interested may, by a bill of service filed in the court in which the proceedings were had, have any decision, order or judgment rendered in such court, or by the judge thereof, revised and corrected on showing error therein." (Rev. Stat., art. 2717.) It has been held by our courts, in several decisions upon this and similar statutes, that a bill of review under our system need not conform to the rules and is not limited by the restrictions of the equity practice as applicable to that remedy. (Jansen v. Jacobs, 44 Texas, 574; Seguin v. Maverick, 24 Texas, 526.)

But we are of opinion that, when a party interested seeks by bill to review the final or other account of a guardian or administrator, his petition should point out the items complained of

and show the errors therein, and that he should support these allegations by proof. Appellee set up in his original petition certain specific omissions in the debt side of the account sought to be corrected; but upon these the court found against him. In a trial amendment (filed irregularly, because no exceptions had been sustained to his petition) he alleges that certain credits in the account, amounting in the aggregate to about one thousand three hundred dollars, were improperly allowed by the county court. About three hundred and ninety dollars of this amount is stated on the face of the account as cash paid the ward; most of the other items appear there as "store accounts." When we examine the very voluminous and confused transcript which is sent here, we find no direct evidence to show us what these items were for, or definitely the facts and circumstances attending each transaction. There are no vouchers accompanying the account in the record. There is some testimony on behalf of the appellant given by his clerks, to the effect that he attempted to restrain his ward from making extravagant purchases in his store. It being presumed that the county court did its duty, and allowed these items upon sufficient evidence, how are we to determine from this meagre testimony that such allowance was incorrect? The guardian may pay all claims against his ward's estate which he knows to be just. (Rev. Stat., art. 2621.) It is his duty to pay all such as have been allowed and approved or otherwise established. The court below found that "but few if any" of the claims paid by the appellant had been established before payment; and in view of the fact that no vouchers appear in the statement of facts, we may conclude that this finding is correct. The court also correctly held that the guardian should not be allowed credit for expenditures for the education and maintenance of the ward beyond the amount of the income of his estate, without proof of an order of court directing such expenditures. (Smythe v. Lumpkin, 62 Texas, 242.) But from the face of the guardian's account only, can we conclude that these credits set down in it as "store accounts" were expenditures solely for the maintenance of the ward? We think not. The evidence is equally unsatisfactory as to the other credits complained of in the plaintiff's trial amendment. The statement of facts shows us with sufficient certainty what was a proper expenditure for the ward's support. The income, too, can be arrived at from data that are satisfactory enough. And if it had been proved beyond controversy that the amount paid out for the ward's support exceeded his income by

a sum equal to the judgment of the court below, we might affirm from the judgment, upon the ground that no other result could have been reached under the evidence, and the errors complained of were therefore immaterial. But such is not the case; and some of the assignments of error become important, and we must therefore consider them.

It is assigned that the court erred in excluding the testimony of appellant. The objection was upon the ground that this testimony was in relation to transactions between himself and appellee during the time that the relationship of guardian and ward existed between them. We think the testimony was admissible, and that the court erred in excluding it. Article 2248 of the Revised Statutes reads as follows: "In actions by and against executors, administrators or guardians, in which judgments may be rendered for or against them *as such,* neither party should be allowed to testify against the other as to any transaction with, or statement by the testator, intestate or ward, unless," etc. This was a suit brought by a plaintiff who had formerly been a ward, against a person who had formerly been his guardian, to revise the latter's account. We think it comes neither within the letter nor spirit of the statute. The words "as such," used in the article just quoted, limit the application of the law to those cases in which a judgment could be rendered for or against the guardian in his representative capacity; that is to say, a judgment which is in effect a judgment in favor of or against his ward, and which does not affect him personally. The article applies to actions between the guardian, as guardian, and third persons, and not to suits in which the guardian and ward are opposing parties. It will be noted that nothing is said about transactions with, and statements by the guardian, and hence it would follow that if we place upon the article the construction contended for by appellee, the ward would be permitted to testify to what the guardian had said and done, while the mouth of the latter would be closed in reference to the same facts. The legislature evidently did not intend to enact a rule so clearly unjust.

It is also assigned as error that the court in its judgment disregarded the proof in support of appellant's plea of estoppel. This plea alleged in substance that many of the items of credit in appellant's account were for goods sold by appellant to appellee under a representation made by the latter that he would soon be twenty-one years of age, and under a promise that appellant should be allowed credit for them on final settlement. A repre-

sentation in order to estop must be as to facts either present or past. A promise to do something in future may constitute a contract capable of being enforced, but does not work an estoppel upon the person making it. (See Edmonds v. Dickson, decided at the present term, and authorities there cited.) We can not hold that such a statement made by a ward to his guardian for the purpose of obtaining goods, would bind him either by estoppel or as a contract, without virtually abrogating the statutes upon the subject of guardianship, and throwing down every safeguard erected for the protection of the estates of minors. It is alleged, however, that a sum of two hundred and ninety dollars was paid to appellee by appellant, to enable the former to go into business; and that this was done after the minor claimed that he had arrived at his majority. If this be a fact, and if appellant believed the representation, then this should be allowed him.

In view of another trial we will say, generally, that for the support of the ward the guardian can only be allowed for expenditures to the extent of the income of the ward's estate, unless proof be made of an order of court authorizing it. And we do not think a mere verbal direction from the county judge is a legal order for this purpose. All expenditures for the safe keeping and management of the estate ought, upon being established by evidence, also to be allowed. This would include all reasonable attorney's fees in suits to recover the ward's property or to protect his interest, and would likewise embrace a reasonable fee for advice to the guardian as to the conduct of his guardianship and for preparing his account and making settlements, etc. As to the credit claimed for a fine against the ward paid by the guardian, this should also be allowed. It presents such a case of emergency that it was the gurdian's duty to discharge the fine and relieve his ward from the consequence of its not being paid, without awaiting an order from the court. So also as to the money paid out for a watch for the ward. If the court should be of opinion that the watch was necessary or proper to a person occupying a station in life similar to that of the ward, it would seem that appellant should have credit for the money expended for it. He would certainly be entitled to such credit if it appeared that the ward retained the watch until after his majority, and failed within a reasonable time to return it.

We have not attempted to pass upon every item in appellant's account about which a controversy has been raised, but we think

the principles laid down will be a sufficient guide to the court below to enable it to determine the justness of any credit which has not been specially discussed.

It is also assigned as error that the court did not restate the account. Upon a final settlement, the statute requires the court, in case the account be found incorrect in any particular, to correct and restate it. (Rev. Stat., art. 2689.) Upon a bill of review, when the items alleged to be incorrect are numerous, and evidence is adduced to show the errors, the findings (when the trial is in the district court) ought to point out distinctly which are found correct and which incorrect, and to show clearly the several corrections and revisions made by the court. This was not done on the trial below. The result is, that we have found it impossible to ascertain from the court's findings precisely in what particulars the appellant's account was determined to be incorrect.

On account of the errors pointed out in this opinion, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 30, 1886.