### GREEN v. MARSTERS.
### No. 11571.

Court of Civil Appeals of Texas. Dallas. Jan. 19, 1935.

J. H. Randell, of Denison, for appellant.

Whitehurst & Whitehurst, of Dallas, and Dayton B. Steed, of Sherman, for appellee.

LOONEY, Justice.

On January 17, 1918, C. B. Marsters qualified as guardian of J. F. Green, previously adjudged of unsound mind, under an appointment by the county court of Grayson county. The record of the guardianship proceedings is fragmentary and incomplete. No inventory of the estate is shown. However, it appears that at that time the estate consisted of a credit of $202.30 in the State National Bank of Denison, and two pay checks aggregating $52.85, issued to the ward by the Missouri, Kansas & Texas Railway Company for labor performed. After the appointment, the credit in the bank was transferred to Marsters, as guardian, and the pay checks were delivered to, but were not collected by, him. On January 26, 1918 (nine days after Marsters qualified as guardian), a hearing as to the sanity of the ward was had in the county court, and, in answer to special issues, a jury found that the ward was of sound mind; thereupon, the court entered an order in this language: "It is ordered by the court that he (the ward) go hence without day, etc." Although these proceedings were irregular and imperfectly recorded, yet we believe they show that Green had been restored to his right mind, hence in that situation the guardianship was at an end, and it became the duty of Marsters to immediately settle his accounts and deliver to his ward all property remaining in his hands as guardian. However, he failed to file an account for final settlement at that time, but did in fact surrender to the ward all property belonging to the estate, except the sum of $36.85, theretofore

expended for clothing for him. At the time the clothing was purchased, the ward was in jail at Sherman, without clothing, except a greasy pair of overalls, a cap, shoes practically off his feet, and no underwear. The sanity hearing, at which the ward was found to be of sound mind, being near at hand, the guardian suggested to the ward that he was in need of respectable looking clothing, thereupon, the ward requested that the purchase be made, which was accordingly done, the clothing was received and immediately worn by the ward, and thereafter was retained and used by him.

The guardian had been in the service of the Missouri, Kansas & Texas Railway Company as a locomotive engineer; the ward being his fireman for at least part of the time. They had been very intimate, and until the beginning of this litigation the ward spent most of his time in the home of the guardian; in fact, it appears that he treated the ward very much as a son. On December 22, 1932, Marsters filed a belated account for final settlement alleging in detail the facts herein outlined, prayed that the account be approved, the guardianship closed, and that he and his sureties be discharged. Green was duly cited, filed an answer, objecting in general terms to the final account, and specifically that the expenditure for clothing and the delivery of property remaining were unauthorized by any order of court, and that no voucher or receipt accompanied the final account.

On a hearing January 18, 1933, the county court approved the final account, closed the guardianship, and discharged the guardian and his bondsmen. The ward appealed to the district court, and on trial April 19, 1933, judgment was rendered, as in the county court, from which this appeal was prosecuted.

The contention of appellant is that the court erred in approving the account, in that the guardian was not entitled to credit for the item of $36.85 expended for clothing, because the purchase was made prior to the time the ward was declared of sound mind and without an order of court authorizing same; and, further, that the guardian was not entitled to credit for the remainder of the estate delivered to the ward after he was found to be of sound mind, because "not sanctioned by a previous order of court."

██ We cannot accept appellant's view of the law. The legal effect of the jury's finding that the ward was of sound mind was to end the guardianship, just as if the guardian had been discharged upon final settlement; his duties were at an end, except to settle his accounts and deliver to the ward the estate remaining. Easterline v. Bean, 121 Tex. 327, 49 S.W.(2d) 427, 429, and authorities cited. If at that time the guardian had filed his account for final settlement, the court could not have required more nor less than that the guardian deliver the estate remaining in his hands to the ward. See article 4283, Rev. St. [Vernon's Ann. Civ. St. art. 4283], article 4302, R. S. So, by voluntarily delivering to the ward the property remaining, after the removal of his disability, the guardian performed, without an order of court, precisely as an order of court would have required.

██ As to the item of $36.85 expended for clothing for the ward, we think the facts and circumstances show that an emergency existed authorizing the guardian to make the purchase without a previous order of court. However, if we are mistaken in this, as the ward retained and used the clothing after the removal of his disability, we think he estopped himself to say that the expenditure was not authorized.

While it is true the statute in explicit terms forbids a guardian without a previous order of court to expend for the maintenance of his ward more than the clear income of the estate, yet exceptions to the general rule, based upon equitable considerations, have been recognized by our Supreme Court. In Jones v. Parker, 67 Tex. 76, 82, 3 S. W. 222, 226, a matter was presented where the guardian advanced money to his ward without an order of court, based on a representation by the ward that he had attained his majority. On final settlement, this item was objected to, with reference to which Judge Gaines said: "It is alleged, however, that a sum of $290 was paid to appellee by appellant to enable the former to go into business, and that this was done after the minor claimed that he had arrived at his majority. If this be a fact, and if appellant believed the representation, then this should be allowed him." It also appeared that without an order of court the guardian paid a fine for his ward, and also purchased for him a watch. Objections were also urged to these items, in regard to which Judge Gaines said: "As to the credit claimed for a fine against the ward paid by the guardian, this should also be allowed. It presents such a case of emergency that it was the guardian's duty to discharge the fine, and release the ward from the consequence of its not being paid, without awaiting an order from the court. So, also, as to the money paid out for a watch for the ward. If the

court should be of opinion that the watch was necessary or proper to a person occupying a station in life similar to that of the ward, it would seem that appellant should have credit for the money expended for it. He would certainly be entitled to such credit if it appeared that the ward retained the watch after his majority, and failed within a reasonable time to return it."

For reasons appearing, we are of opinion that the judgment of the court below is correct, should be affirmed, and it is so ordered.

**Affirmed.**