## COMMISSIONER OF INTERNAL REVENUE v. SHARP.

### No. 11064.

Circuit Court of Appeals, Ninth Circuit.

Jan. 16, 1946.

---

[4] 33 Stat. 189, 207.
[5] 33 Stat. 1048, 1069.
[6] 46 Stat. 1092.

[7] 48 Stat. 1269, 1273, 43 U.S.C.A. § 315j.

164

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Muriel S. Paul, and Harold C. Wilkenfeld, Sp. Assts. to Atty. Gen., for petitioner.

Gray, Cary, Ames & Driscoll, Walter Ames, and James L. Chapman, all of San Diego, Cal., for respondent.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On September 20, 1938, the respondent, Madeleine N. Sharp, created an irrevocable trust in favor of her minor son Donald Nichols Sharp, and made a gift of cash and securities to the trust of the value of $252,090.70 on the same date. The donor made a gift tax return for 1938, claiming the statutory exclusion of $5,000 for the gift. The gift tax was paid on this basis.

The Commissioner determined there was a deficiency, disallowing the $5,000 exclu-sion on the ground that the gift was of future interests in property within the meaning of the Revenue Act of 1932, c. 209, 47 Stat. 169,[1] and Treasury Regulations 79 (1936 Ed.). The Tax Court held there was no tax deficiency, thereby reversing the Commissioner, who has petitioned this court for a review of the Tax Court's decision.

The sole issue here is whether the gift was of "future interests" within the meaning of the statute and regulations.

The regulation provides:

"Art. 11. Future Interests in Property. —No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. * * *"

Treasury Regulations, 79 supra.

Under the decisions in Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, and United States v. Pelzer, 315 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, a vested right in the trust is not enough to qualify for the $5,000 tax exemption in the gift tax. In addition, the donee must have the right to use, possess and enjoy the property present-ly. The question is not when title vests, but when enjoyment begins. Fondren v. C.I.R., 324 U.S. 18, 20, 65 S.Ct. 499. The burden is on the taxpayer to show that the gift is not one of future interest. C.I.R. v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 158 A.L.R. 166.

In view of these decisions, it is imperative to analyze the terms of the trust and to consider all the circumstances under which the gift was made.

The trust agreement entered into between Madeleine N. Sharp and the Title Guarantee and Trust Company is irrevocable. Paragraphs B, C, D, E, and F, of

---

[1] "Section 504. Net Gifts.

"(a) General Definition. The term 'net gifts' means the total amount of gifts during the calendar year, less the deductions provided in section 505.

"(b) Gifts Less than $5,000. In the case of gifts (other than of future in-terests in property) made to any persons by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a) be included in the total amount of gifts made during such year." 26 U.S.C.A. Int.Rev.Acts, page 585.

Article First provide when the trust will terminate, how the principal shall be paid, and what shall be the order of succession. The trustee is given full power to invest, participate in mergers and reorganizations, exercise voting rights, lease, mortgage, liquidate, compromise, adjust, settle, and exercise its judgment for the benefit of the trust, according to Articles Third, Fourth and Fifth. The donor reserved the right to modify the provisions of the trust relating to the power, authority and responsibility of the trustee. The trustee can be removed by instrument in writing signed by the donor or after her death by the beneficiary.

The most pertinent provision of the trust agreement, Article First, directs the trustee "to hold, manage, invest, and reinvest said trust estate, and to collect and receive rents, interest, income and dividends (hereinafter referred to as income) therefrom and after paying the proper charges against the same, to apply and pay over to the use and for the benefit of my son Donald Nichols Sharp the net income therefrom during his minority, and upon reaching majority to pay the net income to my said son Donald Nichols Sharp during his life. The trustee may make any payment of any income thus applicable to the use of my son Donald Nichols Sharp, during his minority, by paying the same to his mother, or guardian of his property, or corporation designated by the donor (without obligation to look to the proper application thereof by the person receiving it) or by expending it in such manner as the Trustee, in its discretion, believes will benefit my son. Any balance of income shall be accumulated until the arrival of my son Donald Nichols Sharp at majority, at which time the Trustee shall pay over the said accumulated income to my son Donald Nichols Sharp."

The minor son was incapable of taking over the management of the property. Accordingly, it was expedient to place the control in the hands of a trustee. In our opinion, the trustee had no right to withhold the income of the trust estate. The trustee was directed to pay over the net income during the beneficiary's minority. The discretion entrusted to the trustee was whether the payment should be made to the mother, guardian, or other person designated by the donor, or whether the trustee would expend the income in his judgment to benefit the minor son. The trustee had no discretion to determine if he would or would not pay over the income. The provision that the income would be accumulated was a reserve measure to make some provision for any excess income and was not intended as a limitation on the trustee's absolute duty to pay over the net income.

This case can be distinguished from the recent case of Fondren v. C.I.R., 324 U.S. 18, 65 S.Ct. 499, supra, where by the terms of the trusts and the facts surrounding the trusts none of the funds whether income or corpus could be applied immediately for the minor's enjoyment and use. This case can also be distinguished from C.I.R. v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 158 A.L.R. 166, supra, where the Supreme Court upheld the Tax Court in disallowing the $5,000 exclusion because the taxpayer had not assumed the burden of showing that the value of the trust was other than a future interest. There was absence of evidence from the surrounding circumstances and face of the trust instrument itself to show that some part of the income or corpus would be required presently, and there was no basis for a conclusion that there was a gift of anything but a future interest.

■■ If the income of the trust is to be accumulated and paid over with the corpus of the trust at a future date, the entire gift is one of future interests. Whenever the provision is made for immediate application of the funds for the minor's benefit whether of income or corpus, the exemption applies. The fund became available to the beneficiary here for his maintenance immediately upon consummation of the gift. He had at once the right of enjoyment. The present value of the right received from the income of the trust estate was stipulated to be in excess of $5,000. There was no gift tax deficiency.

■ Had we found some merit to the appellant's case, even then this court is bound to affirm the Tax Court's judgment unless there is a clear-cut mistake of law. Dobson v. C.I.R., 320 U.S. 489, 502, 64 S.Ct. 239, 88 L.Ed. 248.

Affirmed.