### STREKALOVSKY v. DELANEY.

#### Civ. A. 7259.

District Court, D. Massachusetts. June 15, 1948.

Robbins, Noyes & Jansen, Seneca B. Anderson and Waldo Noyes, all of Boston, Mass., for plaintiff.

William T. McCarthy, U.S. Atty., and W. Arthur Garrity, Jr., Asst. U.S. Atty., both of Boston Mass., Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe and A. Barr Comstock, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, District Judge.

In this action the plaintiff seeks to recover a gift tax which she alleges has been illegally assessed and collected by the defendant. After the pleadings were filed and the parties were at issue, both the plaintiff and the defendant filed motions for summary judgment.

### Findings of Fact.

The following facts appear from the complaint and answer:

On January 25, 1945, the plaintiff created a trust under which she gave to her husband, as trustee, for the benefit of her three children, certain securities then having a value of $8,672.25, or $2,890.75 for each gift. She filed a tax return with respect to the property so transferred, and claimed the specific exclusion of $3,000 for each of the trusts created and, consequently, paid no gift tax. Later the Commissioner assessed a deficiency gift tax, and it was paid in the amount of $1,744.79. A claim for refund was filed and denied.

The plaintiff's claim is based upon her understanding that the gifts were absolute present gifts to her minor children, each in an amount of less than $3,000 and hence not taxable under Section 1003(b) (3) of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 1003(b) (3). The defendant stands on the ground that the gifts were gifts of future interest to which the $3,000 exemption does not apply.

Section 1003 of the Internal Revenue Code dealing with the exclusions under (b) (3) provides as follows:

"In the case of gifts (other than gifts of future interests in property) made to any person by the donor * * * the first $3,000 of such gifts to such person shall not * * * be included * * * ."

The Strekalovsky Trust provided, among other things, that the Trust should terminate when each child became twenty-one years of age or died at an earlier date, at which time the child's respective share would be paid to the child, if living, and, if not, to his executor, administrator, assignee, or other legal representative. It further provided that, upon the demand of any legally appointed guardian of any of the children, the entire share was to be paid to said guardian. There was no spendthrift clause contained in the Trust. The second use and purpose set out in the Trust seems to be the dominant one for us to consider. It provides as follows:

"Second: So long as any child shall be a minor, to pay any part or parts of his or her share(s) to him or her or for his and/or her use or benefit for any purpose whatever in accordance with the needs and best interest of said child, as if the interest of each said child were held by the trustee herein as guardian for said child and as if the trustee were making payments and distributions in that capacity for the benefit of each child respectively."

In Fondren et al. v. Commissioner of Internal Revenue, 324 U.S. 18, at pages 20 and 21, 65 S.Ct. 499, 89 L.Ed. 668, the Court stated that it is a question of the time when the enjoyment of the gift begins and not when the title vests, and that to make it a future gift there must be interposed a barrier of a substantial period between the will of the beneficiary to enjoy what has been given him and the actual enjoyment. I think that the facts in this case clearly distinguish it from the Fondren case, supra, and fit precisely on the decision in Commissioner of Internal Revenue v. Sharp, 9 Cir., 153 F. 2d 163. That case, which distinguished its facts from the Fondren case, laid down the rule that whenever the provision is made for the immediate application of the funds for the minor's benefit, whether income or corpus, the exemption applies. In the present trust instrument, the second use and purpose above quoted could not set out more clearly that it was the intent of the donor to make an absolute

gift for the present use and benefit of each of her children. This is clearly brought out in the last three lines wherein she specified that the trustee was to hold as though he were a guardian. Had she, instead of making the gifts by trust, made them to the guardians of the children, there could be no question but that the exemption would apply. The trust instrument clearly expresses her intent to accomplish the same results, and I am satisfied that there was a present right to the use and benefit of this gift the moment that the gift had vested in the trustee.

### Conclusions of Law.

From the foregoing I conclude and rule that the donor's gift to each of her children through the trustee was not the gift of a future interest within the meaning of Section 1003(b) (3) of the Internal Revenue Code. The plaintiff's motion for summary judgment is allowed, and the defendant's motion for summary judgment is denied.

Judgment is to be entered for the plaintiff in the sum of $1,744.79, with interest under the statute from the date of payment.