**CANNON v. ROBERTSON, Collector of Internal Revenue.**

**No. 774.**

United States District Court
W. D. North Carolina, Charlotte Division.

June 25, 1951.

Taliaferro, Clarkson & Grier, Charlotte, N. C., Francis I. Parker, Charlotte, N. C., on the brief, for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Gene V. Pruet, Sp. Assts. to the Atty. Gen., Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C., Francis H. Fairley, Asst. U. S. Atty., Charlotte, N. C., for defendant.

WARLICK, District Judge.

This action is instituted by the plaintiff to recover from the defendant an additional gift tax of $5.39 alleged to have been unlawfully assessed against her, and collected, for the year of 1947. The facts are not in dispute.

On October 27, 1947, the plaintiff created and set up an irrevocable trust with James G. Cannon and the American Trust Com-

332

pany of Charlotte, North Carolina as trustees, for the use and benefit of her grand-nephew, James William Cannon, who was then four years of age, and on that same day paid into the trust as a gift, the sum of $100.

Plaintiff subsequently filed her gift tax return for the year 1947, but did not include therein as a taxable gift, the gift to the trust herein. A gift tax deficiency for that year was thereupon assessed against her by the Collector in the amount of $5.39, and was paid by the plaintiff on March 15, 1949. The basis for the deficiency assessment was a determination by the Commissioner that the gift of the corpus of the trust was a gift of future interest and that the only present interest given was the beneficiary's right to receive the net income from the trust until he attained the age of 21 years, or differently stated, for a period of 17 years. The Commissioner determined that the taxpayer had made a gift of a present interest of $48.66, which is computed to be the present value of the right to receive the income of the trust for 17 years, which was not taxable due to the statutory exclusion from net gifts provided by Section 1003(b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 1003(b) (3), and that the remainder of the gift was a gift of a future interest to which no exclusion could be applied.

On October 7, 1949, the plaintiff, taxpayer, filed a claim for refund for the amount of the deficiency assessment. This claim for refund was rejected by the Commissioner on December 30, 1949.

After the pleadings were filed and the cause was at issue both plaintiff and defendant filed motions for summary judgment. The plaintiff's claim is based upon her understanding that the gift to her grand-nephew was an absolute present gift and being in an amount less than $3,000 would not be taxable under Section 1003 (b) (3) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code § 1003(b) (3), and that under her construction of the gift, her intent in effect is, that both the income and the corpus would be exempt thereunder.

The defendant takes the position that the gift, particularly the gift of the corpus of the estate, was a gift of a future interest in which the $3,000 exemption provided in the statute above would not apply.

Section 1003 of the Internal Revenue Code, dealing with the exemptions (b) (3) provides as follows: "(3) Gifts after 1942. In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. 53 Stat. 146, amended Oct. 21, 1942, 4:30 p. m., E. W. T., c. 619, Title IV, § 454, 56 Stat. 953."

*Treasury Regulations* No. 103, set up under the Internal Revenue Code provides as follows: "Sec. 86.11. *Future Interests in Property*. No part of the value of a gift of a future interest may be excluded in determining the total amount of gifts made during the calendar year. 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time. * * *"

This trust instrument makes the following provisions with respect to the use of the funds held thereunder:

"A. The said James William Cannon shall receive and be paid, or there shall be used and applied for his benefit, all the net income from the property held in trust hereunder from time to time until he shall have arrived at the age of twenty-one years. The Trustees shall pay over to or use and apply for the support, maintenance, education and pleasures of the said James William Cannon, from time to time, such amounts of the principal of the property held in trust hereunder from time to time as may be approved and directed by the court vested with jurisdiction of the person and estate of the said James William Cannon, during his minority, to the same extent and with like effect as if the Trustees were the duly appointed Guardians of the Estate of the said James William Cannon.

"B. Upon arrival of the said James William Cannon at the age of twenty-one (21) years, he shall receive and be paid, and/or there shall be transferred and conveyed to him in fee simple, all of the property, both principal and any undistributed income then held in trust hereunder, freed from all trusts.

"C. If the said James William Cannon should die before having attained the age of twenty-one (21) years, then all of the property then held in trust hereunder, both principal and any undistributed income, shall go and belong in fee simple absolute to those persons who under the laws of the State of North Carolina in force at that time would be entitled to take the property of the said James William Cannon upon his death intestate."

Because of the many and varied ways in which gifts in trust may be made and carried out, there can be no one simple rule to determine whether a gift in trust is a gift of a present or a future interest, so it becomes necessary in each case to examine the trust provisions and decide each case on its own particular facts. Commissioner of Internal Revenue v. Kempner, 5 Cir., 1942, 126 F.2d 853.

■ Since the trust herein set up is to be administered under the North Carolina laws, it obviously would become necessary for one in determining the issues of the trust to consider such instrument in conjunction with the North Carolina statutes, and the decisions of the North Carolina court. With that in mind, we find that

Under the laws of North Carolina, a person is a minor for all purposes until he attains his twenty-first birthday and until that time is subject to numerous legal disabilities, among which are the following: he cannot make a contract or give a receipt legally binding upon himself; he cannot convey or transfer any of his real or personal property; he cannot make an inter vivos gift, nor can he authorize his guardian to make such a gift on his behalf and he cannot make a valid will disposing of either his personal or real property.

Inasmuch, therefore, as a minor is disqualified by law to handle, manage and control his own property, he has from time immemorial under English and American law been a ward of the court, and the property of a minor is handled, managed and administered by, or under the supervision of, the court having jurisdiction of his person and estate.

In order to provide for the orderly administration and handling of a minor's property, the laws of North Carolina provide that a guardian shall be appointed to handle, manage, control and administer the property of every minor under the orders, directions, and supervision of the court.

Under the law, the guardian is authorized to spend for the support, maintenance, education and pleasures of his minor ward so much of the income from his property as may be reasonably necessary for such purposes and upon application to the court, and a showing of the necessity therefor, the guardian will be authorized by the court to use and expend the principal of his ward's property for the purposes aforesaid.

The instrument herein provides, among other things, that the trust shall terminate when the said James William Cannon has become 21 years of age, or died at an earlier date, upon which contingency the principal and any accrued income would go to and belong absolutely to those persons who under the laws of the State of North Carolina would be entitled to take the property of the said James William Cannon, intestate. There is no spendthrift clause contained in the trust. The outstanding use and purpose set out in the trust and which undoubtedly is the one to be principally considered, provides among other things as follows: "A. The said James William Cannon shall receive and be paid, or there shall be used and applied for his benefit, all the net income from the property held in trust hereunder from time to time until he shall have arrived at the age of twenty one years. The Trustees shall pay over to or use and apply for the support, maintenance, education and pleasures of the said James William Cannon, from time to time, such amounts of the principal of the property held in trust hereunder from time to time as may be approved and directed by

the court vested with jurisdiction of the person and estate of the said James William Cannon, during his minority, to the same extent and with like effect as if the Trustees were the duly appointed Guardians of the Estate of the said James William Cannon."

This, therefore, is as all-embracing as any statement could be made with respect to the present gift in property to a minor in North Carolina, and to be made effective would require only the petition of the trustees or a guardian with the same powers and rights, to a Judge of the Superior Court, who has the inherent authority to make such expenditures, by his approval, binding upon the estate of the minor. A similar holding under well nigh identic facts was had in the case of Strekalovsky v. Delaney, D.C., 78 F.Supp. 556.

Commissioner of Internal Revenue v. Sharp, 9 Cir., 153 F.2d 163, is a very interesting case and throws a considerable amount of light upon the thinking of the courts in matters involved in a like controversy. Judge Garrecht's reasoning is all-embracing and his decision fortifies the law in matters of this kind.

In Fondren v. Commissioner of Internal Revenue, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668, it is held that it is a question of the time when the enjoyment of the gift begins and not when the title vests, and that to make it a future gift there must be interposed a barrier of a substantial period between the will of the beneficiary to enjoy what has been given him and the actual enjoyment. The facts in this case are easily distinguishable from the Fondren case, supra, and more nearly, if not wholly fit the facts in the decision in Commissioner v. Sharp, 5 Cir., 153 F.2d 163, set out above.

Another case called to the attention of the court is Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720, but the facts likewise as were the facts in the Fondren case, are entirely and wholly different from the facts involved in the trust herein. The most recent case is that of Kieckhefer v. Commissioner of Internal Revenue, 7 Cir., 1951, 189 F.2d 118, and on facts almost wholly similar to the facts embraced in the trust herein, and in which it was decided that the gift was one of a present rather than a future interest.

 I am of the opinion that this plaintiff, claiming statutory exclusion in computing the gift tax herein, has successfully carried the burden of proof in showing that the gift of what she claimed is other than a future interest. Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720.

I therefore conclude as my conclusions of law that the plaintiff's gift to the recipient of the trust through the trustees herein, was not the gift of a future interest within the meaning of Section 1003(b) (3) of the Internal Revenue Code, 26 U.S.C.A. § 1003(b) (3), and that such has been clearly shown by the greater weight of the evidence offered. It is, therefore, concluded that the plaintiff's motion for summary judgment is allowed and that the defendant's motion for summary judgment is consequently denied.

Judgment is to be entered for the plaintiff in the sum of $5.39 with interest under the statute from the date of its payment.