Nell K. ROSS, Individually, and James G. Harris and Elizabeth Ross Harris, Independent Executors of the Estate of James H. Ross, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. 14597.

United States District Court
S. D. Texas,
Houston Division.

Nov. 12, 1963.

Trotter, Childs, Fortenbach & McClure, Jack B. Manning, Houston, Tex., for plaintiffs.

Robert L. Waters, Atty., Tax Division, Dept. of Justice, Ft. Worth, Tex., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

HANNAY, District Judge.

This action for recovery of internal revenue taxes, Title 28, U.S.C.A., Sections 1346(a) (1) and 1402(a) (1), pre-

sents the question whether certain gifts to minors are gifts of "future interests in property" within the meaning of Title 26, U.S.C.A., Section 2503(b) and (c).

The plaintiff Nell K. Ross and her now deceased husband made certain gifts in the years 1956 and 1957 to trust funds theretofore created by them for the benefit of their three minor grandchildren. These donations were in the form of cash, realty and securities. This suit turns upon the plaintiff's right to claim the $3,000.00 tax exclusion of Section 2503 (b) in respect to these gifts. Section 2503(b) and (c) reads as follows:

"Sec. 2503. Taxable gifts

\* \* \* \* \* \*

"(b) Exclusions from gifts.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

"(c) Transfer for the benefit of minor.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

"(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

"(2) will to the extent not so expended—

"(A) pass to the donee on his attaining the age of 21 years, and

"(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c). Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 404."

The trust instruments operative at the time of the gifts in question, which were identical in their provisions and different only in respect to the names of the beneficiaries, provided in material parts as follows:

## "ARTICLE III.

"The Trust hereby established is for the use and benefit of (BENEFICIARY) who is the (child) of LUELLA ELIZABETH HARRIS, the daughter of Trustors.

"During the term of said Trust and until its termination as hereinafter provided, Trustors hereby authorize Trustees, in their sole judgment and discretion, to pay over to the beneficiary, or for (their) use and benefit, at such time or times as Trustees consider necessary or for the best interest of the beneficiary, all or any part of the income, for the purpose of insuring to such beneficiary proper support, maintenance and education, such discretionary distributions to continue until the termination of such Trust. In addition to the foregoing powers of distribution, Trustees may hold and dispose of the income of the trust estate of said Trust to the same extent as if they were the guardian of the beneficiary's person and estate and as if payments and distribution for (their) use and benefit were being made by him in that capacity as well as Trustee. Such payments may, in the discretion of Trustees, be paid directly to the beneficiary or to any person who may have the actual care or custody of the beneficiary, or such payments may be expended by Trustees for the use or

benefit of the beneficiary; and in each instance Trustees, upon making any such payment, shall be released from any further liability therefor. All income not currently distributed to the beneficiary during any taxable year of such Trust and within the time provided therefor, by the applicable provisions of the Internal Revenue Code and the regulations and rulings issued thereunder, shall be accumulated by Trustees as part of the principal of such Trust.

## "ARTICLE IV.

"1. Trustors hereby direct Trustees to pay over, deliver, assign, transfer and convey the corpus of this Trust, together with all additions thereto, increase thereof, and accumulated and undistributed income therefrom, to (BENEFICIARY) upon (their) attaining the age of twenty-one (21) years and this Trust shall thereupon terminate.

"2. Upon the death of said beneficiary prior to (their) attaining the age of twenty-one (21) years, Trustors hereby authorize and direct Trustees to deliver and pay over the entire trust estate including corpus, together with all additions thereto, increase thereof, and accumulated and undistributed income therefrom, to the estate of the beneficiary as though this Trust had terminated immediately prior to the death of such beneficiary, and this Trust shall thereupon terminate.

## "ARTICLE V.

"Trustors hereby authorize and empower Trustees, in the administration of the above Trust:

"1. To exercise all powers granted to Trustees of express trusts by the Texas Trust Act as now in force and as hereafter amended, and to exercise all other powers that at any time may be granted to Trustees by the laws of Texas which are not in conflict with other provisions of this instrument.

"2. To exercise all powers which guardians of the persons or estates of minors may, by order of court or otherwise, be authorized to exercise from time to time under the laws of the domicile of the beneficiary of this Trust."

The trust instruments did not expressly authorize the Trustees to invade the corpus of the trusts. The instruments were amended at a later time to expressly authorize them to distribute corpus as well as income in their discretion for the support, maintenance, and education of the beneficiaries. This amendment, being made in 1958, is immaterial to the issue at bar.

" 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time." Treasury Regulations 79, Article 11, (1936 ed.).

A definitive test of what is necessary to avoid the "future interest" prohibition in the gift tax exclusion statute was enunciated in the landmark case of Fondren v. Commissioner of Internal Revenue, 324 U.S. 18, 20–21, 65 S.Ct. 499, 500–501, 89 L.Ed. 668, decided January 29, 1945:

" * * * it is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right *presently* to use, possess or enjoy the property. These terms are not words of art * * * but connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins. Whatever puts the barrier of a substantial period between the will of the beneficiary or donee *now* to enjoy what has been given him and that enjoyment makes the gift one of a future interest within the meaning of the regulation." (Emphasis added.)

Accord: Commissioner of Internal Revenue v. Disston, 325 U.S. 442, 65 S. Ct. 1328, 89 L.Ed. 1720, decided June 4, 1945.

■ While gifts to the corpus of a trust and the gift of income from a trust must have distinct treatment under Section 2503, La Fortune v. C. I. R., 10 Cir., 263 F.2d 186; C. I. R. v. Herr, 3 Cir., 303 F.2d 780, the issue in this case is limited to whether the beneficiaries have a present interest in the corpus.

Even before the enactment of Section 2503(c) in 1954, the weight of case authority, following the Fondren principle that the statutory exclusion was not meant to discriminate against minors, allowed the exclusion notwithstanding guardianship of the minor where the trust instrument expressly conferred upon the beneficiary an unqualified and immediately assertible right to the trust fund. Kieckhefer v. Commissioner of Internal Revenue, 7 Cir., 189 F.2d 118; Gilmore v. Commissioner of Internal Revenue, 6 Cir., 213 F.2d 520; United States v. Baker, 4 Cir., 236 F.2d 317. Contra: Stifel v. Commissioner of Internal Revenue, 2 Cir., 197 F.2d 107, decided in 1952. But even since the enactment of Section 2503(c) in 1954, the authorities do not suggest that for Section 2503 tax exclusion purposes the legal availability of the trust fund to the minor beneficiary may exist by implication.

■ Although under Article V, paragraph 2, of the trust instruments the trustees were granted powers which a guardian of minors could exercise in the domicile of the beneficiary (which would be Texas) "by court order or otherwise," the amenability of a trust corpus to the discretion of a guardian is clearly qualified under Texas law. As a matter of statutory regulation, a guardian in Texas may expend a sum in excess of the income of his minor ward's estate for the latter's *maintenance and education* only on the strength of a court order. Texas Probate Code, Section 236 V.A.T.S. As construed by the Texas courts, this statute is mandatory. Jones v. Parker, 67 Tex. 76, 3 S.W. 222, 226; Eastland v. Williams' Estate, Tex.Civ.App., 45 S.W. 412, reversed on other grounds, 92 Tex. 113, 46 S.W. 32; Read v. Henderson, Tex.Civ.App., 57 S.W. 78; Wheeler v. Duke, 20 Tex.Civ.App. 20, 67 S.W. 909; Dallas Trust & Savings Bank v. Pitchford, Tex.Civ.App., 208 S.W. 724. The recognized exceptions hereto are in the nature of emergencies based upon equitable considerations. Pemberton v. Leatherwood, Tex.Civ.App., 218 S.W.2d 500; Jones v. Parker, supra; Guardian and Ward, Volume 27, Texas Jurisprudence 2d Edition, Section 128, page 451.

Plaintiffs rely heavily upon Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39. The case is material as to the power of a trustee under a will as properly construed but it does not reach by any exercise of logic or analogy the applicable substantive test of present interest under Sections 2503 (b) and (c) which we must determine. The will was construed to allow invasion of trust corpus for payment of medical expenses where the will on its face set up an exception allowing for emergencies.

■ The clear and requisite tests of Section 2503(c) for a present interest of a minor in the corpus of a donation are not met in this case. Under the operative trust instruments, there are forbidding barriers to the discretionary invasion of the trust corpus by the Trustees and the unfettered claim thereto by the minor beneficiaries. In Fondren the trust provided for the contingent use of trust corpus but only in the event of necessity. This created an impediment to the minor beneficiary's right to *immediate* use, possession and enjoyment sufficient to relegate his property interest to one of *in futuro* status. Accepting *arguendo* the plaintiffs' theory that implied powers vested in the Trustees, their position in respect to the trust corpus is no more formidable than was that of the trustees in Fondren. Indeed, it is persuasively suggested that even express

and absolute discretion in the Trustee respecting the trust corpus with nothing more still leaves an obstacle to present interest ownership thereof by the beneficiary. Duffey v. United States, D.C., 182 F.Supp 765. It is the right of the donee that controls.

On the basis of the foregoing, I conclude that the property rights of the minor donees to the trust corpus in question were "future interests" within the meaning of Section 2503(b) and (c) and that the gift tax exclusion of Section 2503(b) may not therefore apply to plaintiffs' present claim for tax refund in the amount of $3,407.86.

It appearing that there are no genuine issues as to any material fact and that the United States is entitled to judgment as a matter of law, the Motion for Summary Judgment by the United States should be and is hereby granted. Rule 56(c), F.R.Civ.P.

The Clerk will notify counsel.