Nell K. ROSS, Individually and James G. Harris and Elizabeth Ross Harris, Independent Executor of the Estate of James H. Ross, Deceased, Appellants,

v.

UNITED STATES of America, Appellee.

No. 21252.

United States Court of Appeals Fifth Circuit.

July 2, 1965.

Leonard H. Childs, Henry L. Scott, Houston, Trotter, Childs, Fortenbach & McClure, Houston, Tex., of counsel, Carl W. Schumacher, Jr., Houston, Tex., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, Alec A. Pandaleon, Department of Justice, Washington, D. C., Woodrow Seals, U. S. Atty., Houston, Tex., James R. Gough, Asst. U. S. Atty., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and NOEL, District Judge.

WISDOM, Circuit Judge:

The question this gift tax exclusion case presents is whether a gift in trust to a minor, under a trust agreement authorizing the trustee to exercise all the powers of a guardian, must be "considered" a gift of a future interest for purposes of section 2503(c) of the Internal Revenue Code of 1954. The district court granted a summary judgment in favor of the United States, dismissing the taxpayers' claim for a gift tax refund. 226 F.Supp. 333. We reverse.

The facts are stipulated. November 15, 1956, the taxpayers, Nell K. Ross and her husband James H. Ross, now dead, set up three trusts, one for each of their minor grandchildren. The trusts are identical, except for the names of the beneficiaries. Article III of each trust gives the trustees complete discretion to use all or part of the trust income for the "support, maintenance, and education" of the beneficiary. It also authorizes the trustees to hold and dispose of the income

> to the same extent as if [the trustees] were the guardian of the beneficiary's person and estate and as if payments and distribution for his use and benefit were being made by him in that capacity as well as Trustee.

Article IV directs the trustees to pay the trust principal to the beneficiary on his attaining the age of twenty-one, or to his estate if he dies before he is twenty-one. Article V sets forth the administrative powers of the trustees. Paragraph two of that article empowers the trustees

> To exercise all powers which guardians of the persons or estates of minors may, by order of Court or otherwise, be authorized to exercise from time to time under the laws of the domicile of the beneficiary of this Trust.

In 1956 each taxpayer gave each trust $3,350 in cash and property. In 1957 each taxpayer made similar gifts valued at $2,809.09. With respect to these gifts, each settlor claimed on his gift tax returns for 1956 and 1957 the $3,000 gift tax exclusion provided in section 2503(b) of the 1954 Code, 26 U.S.C. § 2503(b). The Commissioner of Internal Revenue disallowed the exclusions on the ground that the gifts to the trusts were gifts of future interests in property, disqualified from exclusion by the terms of section 2503(b). The taxpayers paid, under protest, $3,407.86 of taxes and interest, then sued in the United States District Court for recovery of the amount paid. Both parties moved for summary judgment on the stipulations. The district court granted the Government's motion and dismissed the complaint. Ross v. United States, S.D.Tex.1963, 226 F.Supp. 333.

The taxpayers argue that the trust instruments give the trustees all powers that a guardian would have over both the income and the corpus of the trust, and that a gift to a minor through his guardian qualifies for the annual exclusion. Therefore, say the taxpayers, the gifts made in 1956 and 1957 are of the specific type for which the exclusion is allowed under section 2503(c) of the 1954 Code. This section provides that, for purposes of section 2503(b), a gift to a minor is not "*considered* a gift of a future interest * * * if the property and income therefrom—

> (1) *may be expended* by, or for the benefit of, the donee before his attaining the age of 21 years, and

> (2) will to the extent not so expended—

> (A) pass to the donee on his attaining the age of 21 years, and

> (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)." (Emphasis added.)

The trust instruments, in spirit and in letter, give the trustees, at the very least, all the powers of a guardian under Texas law. (In a sense, paragraph two of article V gives the trustees even great-

er power than a guardian would have, because the trustees may do without a court order whatever a guardian may do only with a court order.) As to this power, the district court reached the same conclusion as this Court, but held that Texas law so restricts the powers of a guardian over the corpus of his ward's estate that the gifts failed to meet the requirements of section 2503(c). We disagree.

It is true that under Texas law, a guardian may spend the corpus of his ward's estate (1) only for the maintenance and education of the ward,[1] (2) only where the parents of the ward cannot provide adequate support,[2] and, (3) except in cases of emergency,[3] only after obtaining a court order.[4] But these restrictions, in themselves, do not require that a gift through a Texas guardian be treated as a future interest for purposes of section 2503. An outright gift by a donor to the guardian of a minor is considered a gift of a present and not a future interest under section 2503(b); and limitations imposed by state law on the guardian's use of the property do not make the gift one of a future interest. Beatrice B. Briggs, 1960, 34 T.C. 1132. A gift in trust for a minor "as if the trustee herein were holding the property as guardian" for the donee has been held to be a gift of a present interest under section 2503(b) of the Code and is, therefore, entitled to the $3,000 exclusion from taxable gifts permitted by that section. That state laws pertaining to guardianships might pose barriers to the immediate enjoyment of a gift in trust will not cause the gift to be denied present-interest status. United States v. Baker, 4 Cir. 1956, 236 F.2d 317. See also

Strekalovsky v. Delaney, D.Mass.1948, 78 F.Supp. 556; Cannon v. Robertson, W.D.N.C.1951, 98 F.Supp. 331; 5 Mertens, Law of Federal Gift and Estate Taxation § 38.12 at 499; Lowndes & Kramer, Federal State and Gift Taxes § 33.12 at 728; 2 Casner, Estate Planning 255. The district court in Arizona has held that a gift to minors in trust qualified for the annual exclusion even though "resort to a court of equity might be necessary" in order for the trustee to invade the trust principal. DeConcini v. Wood, D.C.Ariz.1960, 60—1 U.S.T.C. par. 11,938, 5 A.F.T.R.2d 1874. In light of the authorities—such as they are— we read the words *"may be expended"* in section 2503(c) to mean *"may be expended within the limitations imposed on guardians by state law"*.

Legislative history supports this reading of section 2503(c). This section, enacted in 1954, had no antecedent. It was enacted as a result of the courts' having given unexpectedly broad scope to the future interest exception to the annual exclusion. The future interest exception, adopted in 1932, was a legislative response to the specific administrative difficulty, in some cases, "of determining the number of eventual donees and the values of their respective gifts." H.Rep. No.708, 72d Cong., 1st Sess. 29 (1932); S.Rep.No.665, 72d Cong., 1st Sess. 41 (1932). The courts, perhaps because the language of the statute was so broad, extended the future interest concept beyond the limits to which Congress, later, was willing to go. Before the enactment of 2503(c) a gift in trust was held to create a future interest, for purposes of the annual exclusion, whenever the trustee had discretion to accumulate income

1. 17 Vernon's Ann.Tex.Stats. (Probate Code) § 236(a); see, e.g., Logan v. Gay, 1906, 99 Tex. 603, 90 S.W. 861, 92 S.W. 255; Pemberton v. Leatherwood, Tex. Civ.App. Eastland 1949, 218 S.W.2d 500, err. ref. n.r.e.

2. Kendrick v. Wheeler, 1892, 85 Tex. 247, 20 S.W. 44, 46, reh. den'd; Empire Mortgage Co. v. McFarland, Tex.Civ.App., 84 S.W.2d 892.

3. 17 Vernon's Ann.Tex.Stats. (Probate Code) § 236(b); Jones v. Parker, 1886, 67 Tex. 76, 3 S.W. 222, 226; Pemberton v. Leatherwood, supra, 218 S.W.2d 505.

4. Vernon's Ann.Tex.Stats. (Probate Code) § 236(a); Pemberton v. Leatherwood, supra, 218 S.W.2d 504; Legler v. Legler, Tex.Civ.Austin 1945, 189 S.W.2d 505, 510, ref. w. m.

or restrict distribution of corpus.[5] As the Supreme Court said in Fondren v. Commissioner of Internal Revenue, 1945, 324 U.S. 18, 20, 65 S.Ct. 499, 501, 89 L. Ed. 668: "[I]t is not enough to bring the exclusion into force that the donee has vested rights. In addition he must have the right presently to use, possess or enjoy the property. These terms are not words of art, like 'fee' in the law of seizin, United States v. Pelzer, supra, 312 U.S. at page 403 [61 S.Ct. at page 661, 85 L.Ed. 913], but connote the right to substantial present economic benefit. The question is of time, not when title vests, but when enjoyment begins." The status of gifts made through guardians was uncertain, though there were strong suggestions that such gifts might be considered present interest.[6] Section 2503(c) "partially relaxe[d] the 'future interest' restriction contained in subsection (b), in the case of gifts to minors, by providing a specific type of gift for which the exclusion [would] be allowed." H.Rep.No.1337, 83rd Cong. 2d Sess. (3 U.S.C.Cong. & Adm.News (1954) pp. 4017, 4465). The Senate report is enlightening:

> Gifts to minors are often hindered by the fact that it is not clear how such a gift can be made in trust or through a guardian for a minor's benefit other than as a future interest, and for future interest the $3,000 exclusion is not available. Doubt arises as to whether a gift in trust for a minor can be a present interest since the child does not presently have complete control over the property. Where a child's guardian who has control over gifts to a child, is personally responsible for the support of a child, since he must provide for the current needs of the child, it would appear that a valid gift could only be for a child's future benefit.

The House and your committee's bill provides that gifts to minors *will not be considered gifts of future interest* if the income and property *can* be spent by or for the child prior to his attaining the age of 21. S.Rep. No.1622, 83rd Cong., 2d Sess. (3 U.S. C.Cong. & Adm. News (1954) pp. 4621, 4760–1). (Emphasis added.)

Section 2503(c) does not demand that the trust instrument *require* the expenditure of corpus. Thus, the Senate Committee Report states:

> "Subsection (c), a new provision adopted in the House bill, describes a certain type of gift to a minor which will not be treated as a gift of a future interest. Your committee has amended the provisions of the House bill to provide that it is not necessary that the property or income therefrom be actually expended by or for the benefit of a minor during minority so long as all such amounts not so expended will pass to the donee upon attaining majority and, in the event of his prior death, will be payable to his estate or as he may appoint under a general power of appointment. S.Rep.No.1622, 83rd Cong., 2d Sess. 478 (1954), 3 U.S.C.Cong. & Adm.News (1954), p. 5123.

5. U.S.Treas.Reg. 108, § 86.11; Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 448–449, 65 S.Ct. 1328, 89 L.Ed. 1720, 158 A.L.R. 166; Fondren v. Commissioner of Internal Revenue, 1945, 324 U.S. 18, 20–21, 65 S. Ct. 499, 89 L.Ed. 668; Rassas v. Commissioner of Internal Revenue, 7 Cir. 1952, 196 F.2d 611, 613; Welch v. Paine, 1 Cir. 1942, 130 F.2d 990, 992; Commissioner of Internal Revenue v. Phillips Estate, 5 Cir. 1942, 126 F.2d 851, 852–853. But see United States v. Baker, 4 Cir.

1956, 236 F.2d 317, decided retrospectively under section 1003(b) of the 1939 Code, interpreting a gift to a trust very much like the one here as a gift of a present interest.

6. Kieckhefer v. Commissioner of Internal Revenue, 7 Cir. 1951, 189 F.2d 118, 121; Commissioner of Internal Revenue v. Sharp, 9 Cir. 1946, 153 F.2d 163; Strekalovsky v. Delaney, D.Mass. 1948, 78 F.Supp. 556, 558.

Nor does section 2503(c) require that the trust instrument state in so many words that the trustees have the power to expend corpus for the benefit of the minor beneficiaries.

■ The language of this report, read in the context of the entire legislative history of section 2503(c), describes the legislator's objective: to liberalize the law by removing from the future interest restriction of subsection (b) gifts for the benefit of a minor made through the garden variety guardianship. All states restrict the powers of a guardian, especially over corpus. Texas is no exception. But, when it is necessary, and with a court order, the income and property of a Texas ward, in the language of the Senate committee, "can be spent by or for the child prior to his attaining age 21". If we read the statute as the Government suggests, interpreting it to mean that a gift through a guardian can qualify for the exclusion only if the guardian has unlimited power to invade corpus for the benefit of the donee, whether or not for his maintenance or education, we would disqualify from exclusion virtually all gifts made through the ordinary type of guardianship. "An outright gift to a minor through his legal or natural guardian should clearly qualify for the annual exclusion." [7]

■ The Service itself presaged this interpretation. Rev.Ruling 54–400 (1954—38 IRB 13) states that, under Section 1003(b) of the 1939 Code

An unqualified and unrestricted gift to a minor, with or without the appointment of a guardian, is a gift of a present interest; and *disabilities placed upon minors by State statutes should not be considered decisive* in determining whether such donees have the immediate enjoyment of the property or the income therefrom within the purport of the Federal gift tax law. (Emphasis added.)

Professor Mortimer Caplin, later Commissioner of Internal Revenue, discussing the ruling, has said: "In Revenue Ruling 54–400 the Internal Revenue Service pointed out that it 'is only where delivery of the property to the guardian of a minor is accompanied by limitations upon the present use and enjoyment of the property by the donee, by way of a trust or otherwise, that the question of a future interest arises.' Implicit in this statement is the conclusion that a simple outright gift to a minor's guardian, at least, would constitute a present interest." Caplin, *How to Treat Gifts to Minors,* New York University Thirteenth Annual Tax Institute on Federal Taxation 193, 198 (1955). If state law restrictions on the minors themselves do not disqualify the gift, and if, under section 2503(c), the mere existence of discretion on the part of the guardian no longer disqualifies, then certainly, under section 2503(c), state law restrictions on the otherwise unrestricted guardian should not disqualify the gift. Nor should the trust make any difference when a grantor equates the trustees' powers with those of a guardian.

■■ We find that the existence of reasonable, prudent, and ordinary restrictions imposed by state law on the powers of a guardian do not, in themselves, disqualify a gift to a minor represented by a guardian. Here the trustees had all the powers of a guardian, and more. We hold, therefore, that the taxpayers were entitled to the annual exclusion for the gifts in question.

Since we hold that, under section 2503(c), each donee was given a present interest (or, more precisely, an interest not considered a future interest) in the entire amount of each gift, we do not have to decide whether, under section 2503(c), a gift in trust for a minor can ever be considered a gift of a present interest with regard to the right to income, and of a future interest with regard to the right to corpus. Nor do we have to decide whether the gifts here would or

7. M. Caplin, Trusts for Minors, 13 Washington and Lee L.Rev. 145n. (1956).

could be gifts of present interests under section 2503(b) if they failed to qualify for the specific 2503(c) exemption.

The judgment of the district court is reversed.