ARTHUR C. STIFEL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30204. Promulgated October 10, 1951.

*Robert J. Bird, Esq.*, for the petitioner.
*William G. O'Neill, Esq.*, for the respondent.

## OPINION.

MURDOCK, *Judge:* The petitioner testified that he wanted to transfer some money to his three children to handle and do with as they saw fit so that they would have some idea of what could be accomplished by the proper investment and utilization of money. He was speaking of children 4, 7, and 11. His attorney advised him that a guardian would have to be appointed to accomplish that purpose and the attorney recommended that he "create a trust for each of the children, and that the money be given to them outright." That testimony adds little or nothing to the stipulated facts.

To the extent that the income and principal was to be disbursed or retained within the discretion of the trustee, the transfers were of future interests under the decided cases. *United States* v. *Pelzer*, 312 U. S. 399; *Ryerson* v. *United States*, 312 U. S. 405; *Fondren* v. *Commissioner*, 324 U. S. 18; *Commissioner* v. *Disston*, 325 U. S. 442; *John W. Kieckhefer*, 15 T. C. 111, reversed for other reasons 189 F. 2d 118. The question for decision is whether the transfers were of present interests by reason of the provision that the beneficiary in each case "shall have the right (which may be exercised during her minority by her general guardian, if any, or by any special guardian appointed for such purpose * * *) at any time to terminate this trust either in whole or in part, and during minority to demand payment of all or any part of any unexpended income" and receive the income or principal or both. No guardian has ever been appointed for any of the children. The petitioner had more than ample funds to support his children and none of the trust income or principal has been disbursed by the trustee. The petitioner not only knew there was no guardian in existence or in contemplation, but also that there was no present reason for or likelihood of the exercise of any right to terminate the trust or demand income as it might later accumulate. He must have anticipated that there would necessarily be a substantial lapse of time before any occasion to terminate the trust or to demand

the accumulated income would arise. His real intent as shown by the instrument and the surrounding circumstances controls.

It seems only reasonable to conclude that the children were not intended to have the right to immediate use, possession, or enjoyment of the income or principal, but were to have those rights only upon the happening of some change in existing circumstances such as a reversal in the petitioner's finances or the children attaining an age at which they could make some independent personal use of money. The exclusion of section 1000 (b) (3) does not apply because the transfer was of a future interest only. The case is not distinguishable in principle from the Supreme Court cases above cited and, if the reversal in the *Kieckhefer* case is in point, then, with all due respect, we decline to follow it.

Reviewed by the Court.

*Decision will be entered for the respondent.*

BLACK, *J.*, dissenting: I disagree with the conclusion of the majority opinion that the gifts involved in the instant case were of future interests and that petitioner is not entitled to the exclusions granted by section 1003 (b) (3), I. R. C.

I, of course, agree that where a donee's enjoyment and use of a gift are subject to the exercise of the discretion of a trustee, the donee's interest is a future interest and the statutory exclusion would not be granted to the donor. See our discussion on this point in *Frances McGuire Rassas*, 17 T. C. 160. Therefore, I agree that if Article Second of the trust indenture here involved were all that there is in the indenture governing the distribution of income and corpus the gifts would be of future interests and not of present interests. But that article is not all. Article Third of the trust indenture contains this language:

* * * Said daughter shall have the *right at any time* to demand payment to her or for her account of any unexpended income, but subject thereto the Trustee may accumulate for the benefit of such daughter so much of the income applicable to her use as the Trustee, in its discretion, may deem advisable, and any income so accumulated shall be paid to her upon her attaining the age of twenty-one (21) years or to her estate in the event of her death * * *. [Emphasis added.]

Article Eleventh of the trust indenture reads:

The Settlor's daughter, KAREN STIFEL, shall have the right (which may be exercised during her minority by her general guardian, if any, or by any special guardian appointed for such purpose by a court of competent jurisdiction, but in no event by the Settlor) at any time to terminate this trust either in whole or in part, and during minority to demand payment of all or any part of any un-

expended income, in which event such part or all of the principal of the trust, or any accumulated income of the trust, as to which the trust is so terminated, or such part or all of the income so demanded, as the case may be, shall be paid over to the Settlor's said daughter, or, if she be a minor, to her general guardian or to such special guardian, but in no event to the Settlor.

It seems to me that by virtue of the language quoted above from the trust indenture the gifts of both income and corpus were of present interests and that the case is distinguishable from *Fondren* v. *Commissioner*, 324 U. S. 18, and *Commissioner* v. *Disston*, 325 U. S. 442. See *Commissioner* v. *Sharp*, 153 F. 2d 163, affirming 3 T. C. 1062, and *Kieckhefer* v. *Commissioner*, 189 F. 2d 118, reversing 15 T. C. 111. In the latter case the United States Court of Appeals for the Seventh Circuit in deciding that the gift in trust by the donor to his infant grandson was one of present interest instead of future interest laid much emphasis on the following language in the trust indenture: "unless the trust be prior terminated as hereinafter provided." In discussing that particular provision in the trust indenture, the court said:

Suppose in the instant situation that the beneficiary had been an adult rather than a minor. Such adult, of course, could immediately have made a demand upon the trustee and have received the trust property. We suppose that such a gift unquestionably would be one of a present interest. But because the beneficiary is a minor, with the disabilities incident thereto, it is reasoned that the gift is of a future interest because the disabled beneficiary is not capable of making demand.

The court then went on and disagreed with such reasoning and held that the gift was one of present interest. It seems to me that the Seventh Circuit was right in its conclusion that the gift there involved was one of present interest.

I think that a like reasoning applies here. The fact that in the instant case the rights granted to the minor children in Article Third and Article Eleventh of the trust indentures would have to be exercised during the minority of the children by their general guardian, if any, or by any special guardian appointed for such purpose by a court of competent jurisdiction does not change the nature of the rights granted. They are rights which, in my opinion, give the minor children present interests in property and I cannot agree with the majority opinion that these rights are of future interests.

I, therefore, respectfully dissent from the majority opinion.

ARUNDELL and JOHNSON, *JJ.*, agree with this dissent.