Robert C. Ross v. Commissioner.
Ross v. Commissioner
Docket No. 52659.
United States Tax Court
T.C. Memo 1955-273; 1955 Tax Ct. Memo LEXIS 68; 14 T.C.M. (CCH) 1075; T.C.M. (RIA) 55273; September 30, 1955
*68 In 1950, petitioner established a trust for his minor grandson. The trust agreement directed the trustee to distribute the entire net income of the trust estate to the grandson. The agreement also provided that the trustee might distribute all or part of the corpus to the grandson at the trustee's discretion. It also provided that the grandson should have the power to terminate the trust at any time, except that, during his minority, such power was to be exercised only by his legal guardian. No guardian was appointed. Held, the gift of the corpus of the trust was the gift of a future interest within the meaning of section 1003(b)(3) of the 1939 Code. Arthur C. Stifel, Jr., 17 T.C. 647 (1951), affd. 197 Fed. (2d) 107 (C.A. 2, 1952), followed. Held, further, the present interest of the grandson in the income of the trust was incapable of valuation on the date of the gift. W. Stirling Maxwell, Esq., for the petitioner. Thomas J. Donnelly, Jr., Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves a deficiency in gift tax in the amount of $572.25 determined by the respondent for the year 1950. The *69 issues are: (1) whether the corpus of a trust which petitioner created for his grandson in 1950 was the gift of a present or future interest to such grandson; and (2) whether the grandson's present right to receive the income of the trust was capable of valuation on the date of the gift. All of the facts were stipulated, are so found, and are incorporated herein by this reference. [Findings of Fact] During 1950, petitioner was a resident of La Grange, Illinois. He filed a timely gift tax return for such year with the collector of internal revenue for the first district of Illinois. On December 23, 1950, petitioner created a trust for the benefit of his minor grandson, Paul H. Burgert, Jr. Petitioner's son-in-law, Paul H. Burgert, was the trustee of the trust. The provisions of the trust agreement relative to this proceeding are as follows: "ARTICLE I * * * "(b) The Trustee shall distribute the entire net income of the Trust Estate to PAUL H. BURGERT, JR., until the termination of the trusts hereunder as provided in paragraph (c). "(c) Unless sooner terminated by reason of complete distribution pursuant to exercise of the discretion granted the Trustee in paragraph *70 (e) of this Article, the trusts hereby created shall terminate upon whichever of the following events shall first occur: (1) the attainment of age twenty-one (21) by PAUL H. BURGERT, JR.; (2) his death; or (3) a voluntary termination pursuant to the provisions of paragraph (d) of this Article; whereupon the Trustee shall forthwith deliver the entire Trust Estate to PAUL H. BURGERT, JR. or his personal representatives. "(d) PAUL H. BURGERT, JR. shall have power at any time by written instrument delivered to the Trustee to terminate the trusts hereby created; providing during any period of his disability such power shall be exercised only by his legal guardian or conservator. "(e) Whenever the Trustee, in his discretion, deems such action to be in the best interests of PAUL H. BURGERT, JR., the Trustee may distribute any part or all of the principal of the Trust Estate to PAUL H. BURGERT, JR." The corpus of the trust consisted of 100 shares of stock of the Union Carbide and Carbon Corporation, which had a fair market value of $5,450 on the date of the gift. Petitioner's wife, Ann S. Ross, consented to and joined in the making of the gift. On the gift tax return which petitioner *71 filed for 1950, he reported a gift of the 100 shares of stock to the trust at the aforementioned value of $5,450. Since the gift was made with the consent of petitioner's wife, he reported one-half thereof and she reported the other one-half. Petitioner claimed the annual exclusion under the provisions of section 1003(b)(3) [1] of the 1939 Code for his one-half share of the gift in the amount of $2,725. In the deficiency notice, the respondent made the following determinations: "It is determined that the power of the trustee to terminate the trust and distribute the corpus, pursuant to paragraph (c) of Article I of the trust instrument, renders not susceptible of determination, the value of the beneficiary's present right to receive income from the trust. *72 "It is further determined that the appointment of a legal guardian or conservator is a condition precedent to the right of the minor beneficiary to terminate the trust pursuant to paragraph (d) of Article I thereof, and that such right is therefore a future interest in said trust. It is accordingly held that no exclusion is allowable for the donor's gift to said trust." [Opinion] In support of his determination that the corpus of the trust was a future interest within the meaning of section 1003(b)(3) and, hence, not subject to the annual exclusion provided by that section, the respondent relies on our holdings in , affd. (C.A. 2, 1952); and , revd. (C.A. 7, 1951). In the Kieckhefer case, the trust agreement provided that the minor beneficiary was entitled to all or any part of the trust corpus or was entitled to terminate the trust whenever he or his legally appointed guardian should make written demand on the trustee therefor. In the Stifel case, the minor beneficiary had the right during her minority, *73 through her guardian, to terminate the trust and demand payment of the principal. In both of those cases, we said that no guardian had been appointed for the minor beneficiaries and that the minors could not make effective demand on the trustees for the corpus of the trust and that they, therefore, did not have the immediate use, possession, and enjoyment of the corpus. We held the gifts were future interests. The Court of Appeals for the Seventh Circuit reversed our holding in the Kieckhefer case principally on the grounds that the Commissioner conceded that the provisions of the trust agreement would have constituted the gift a present interest if the beneficiary had been an adult. It said that the minor beneficiary was incapable of acting only by operation of law. It, therefore, held that the legal restrictions imposed on such a minor could not transform what otherwise would be the gift of a present interest into a gift of a future interest. Our holding in the Stifel case was affirmed by the Court of Appeals for the Second Circuit. In that case, both we and that court declined to follow the holding of the Court of Appeals for the Seventh Circuit in its reversal of the Kieckhefer *74 case. The trust agreement here in question provides that during the period of the beneficiary's disability (minority) his power to terminate the trust should be exercised by his legal guardian or conservator. However, there was no legal guardian or conservator, and we are, therefore, unable to distinguish this case from the Kieckhefer and Stifel cases. The petitioner here has presented no argument which persuades us that we were wrong in those cases. Hence, we conclude that the respondent did not err in determining that the gift of the shares of stock by petitioner in trust for his grandson was the gift of a future interest and not qualified for the exclusion provided in section 1003(b). In support of his determination that the beneficiary's present right to the income of the trust was not susceptible of valuation, the respondent relies on our holdings in ; and , affd. (C.A. 3, 1952). In those cases, as here, the beneficiaries of the trusts were entitled to the income of such trusts, but the corpora were subject to invasion by the trustees at their discretion. *75 We said that because the corpora of the trusts were subject to total exhaustion, it was impossible to determine the value of the beneficiaries' present interest in the income from such trusts on the date of the gift, and that the donors were not entitled to any exclusion for such gifts. We find nothing in the instant case which distinguishes it from the Brody and the Evans cases. We, therefore, uphold the respondent's determination that the value of the beneficiary's present right to receive the income of the trust was not susceptible of valuation on the date of the gift. Decision will be entered for the respondent. Footnotes
1. SEC. 1003. NET GIFTS. * * *
(b) Exclusions from Gifts. - * * *
(3) Gifts after 1942. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩