UNITED STATES of America, Appellant,

v.

R. W. BAKER, Appellee.

UNITED STATES of America, Appellant,

v.

Penelope S. BAKER, Appellee.
Nos. 7179, 7180.

United States Court of Appeals Fourth Circuit.

Argued June 6, 1956.

Decided Aug. 15, 1956.

John J. McGarvey, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., Edwin M. Stanley, U. S. Atty., and Robert L. Gavin, Asst. U. S. Atty., Greensboro, N. C., on brief), for appellant.

R. D. Douglas, Jr., Greensboro, N. C., and Leon L. Rice, Jr., Winston-Salem, N. C. (Douglas, Douglas & Ravenel, Greensboro, N. C., and Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

MOORE, District Judge.

R. W. Baker, a resident of North Carolina, in the year 1950 made gifts aggregating $88,725.00 in value, consisting of shares of corporate stocks, all of which gifts were for the benefit of donor's nine minor grandchildren, respectively, whose ages ranged from six months to six years. Penelope S. Baker, wife of the donor, joined with him in signifying consent to have all the gifts considered as having been made one-half by each. Returns were made accordingly, and on both returns the exclusions provided by Section 1003(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C. § 1003(b) (3), were claimed, being a deduction of the first $3,000 of each gift by each donor to each person. The gifts were made to Wachovia Bank and Trust Company of Winston-Salem, North Carolina, as trustee for the beneficiaries, and were held by the trustee pursuant to various trust agreements executed by R. W. Baker in

the years 1948, 1949 and 1950, the pertinent provisions of which were identical and read as follows:

"Distributive Provisions. The Trustee shall administer this trust estate for the following uses and purposes:

"*First:* The net income and principal of the trust hereinafter called the 'properties', shall be used for the support, education or benefit of * * * (name of beneficiary) in such amounts and manner and at such times as shall be in accordance with the needs and best interests of the beneficiary and as if the Trustee herein were holding the properties as Guardian of the beneficiary and making distributions of the properties in that capacity for the needs and benefit of the beneficiary. It is the intention of the Grantor to make, and the Grantor does hereby make, an immediate and present gift to the beneficiary of the use and benefit of the properties.

"*Second:* (a) All properties not used for the aforesaid purposes and constituting the trust on the twenty-first anniversary of the birth of the beneficiary shall then be conveyed and delivered to the beneficiary.

"(b) If the beneficiary shall die before said twenty-first anniversary, all the properties constituting the trust on the death of the beneficiary shall pass as part of the estate of the beneficiary but the Grantor hereby irrevocably waives, renounces, relinquishes and quitclaims any rights he may ever have to any share of or interest in the properties if the Grantor shall be a person entitled thereto under the laws of the state of domicile of the beneficiary upon the death of the beneficiary intestate.

"*Third:* The Trustee shall not be under the jurisdiction of, or required to account to, any court or similar authority in respect of the duties and transactions of the Trustee hereunder notwithstanding the above analogy or reference to the capacity of Guardian of the beneficiary."

It was provided in each trust agreement that except as "otherwise provided," it should be construed and the trust estate administered under the laws of North Carolina.

"Under the laws of North Carolina, a person is a minor for all purposes until he attains his twenty-first birthday and until that time is subject to numerous legal disabilities, among which are the following: he cannot make a contract or give a receipt legally binding upon himself; he cannot convey or transfer any of his real or personal property; he cannot make an inter vivos gift, nor can he authorize his guardian to make such a gift on his behalf and he cannot make a valid will disposing of either his personal or real property." Cannon v. Robertson, D.C.W.D.N.C. 1951, 98 F.Supp. 331, 333.

The Commissioner of Internal Revenue disallowed the claimed exclusions on the ground that the gifts were of future interests in property, and therefore not excludable under the terms of Section 1003 (b) (3) of the Internal Revenue Code of 1939, which provides:

"In the case of gifts *(other than gifts of future interests in property)* made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." 26 U.S.C. 1952 ed., § 1003. (Emphasis supplied.)

The Commissioner determined a total deficiency including interest of $7,595.24 against appellee R. W. Baker, and $4,333.93 against appellee Penelope S. Baker. These amounts were paid by appellees, and claims for refunds thereof were subsequently denied by the Acting District Director of Internal Revenue at Greensboro, North Carolina. Appellees instituted timely actions for refund in the

District Court, which gave judgment for appellee pursuant to a stipulation which set out substantially the foregoing facts. The sole question for determination in this case is whether or not the gifts to appellees' minor grandchildren were gifts of future interests in property within the meaning of Section 1003(b) (3) of the Internal Revenue Code of 1939. We hold that the District Court correctly decided that these were gifts of present and not future interests in property.

Although not controlling, it is of some significance that the donor in the trust agreements in the first paragraph of the distributive provisions expressed his intention to make "an immediate and present gift to the beneficiary." While the gift was made to a trustee it was provided that the property both income and principal should be used for the benefit of the beneficiary "as if the trustee herein were holding the properties as Guardian." It was conceded by appellant in argument that an outright gift by a donor to the guardian of a minor would be the gift of a present and not a future interest under the terms of the statute. The trust agreements with which we are concerned here created no barriers to the present enjoyment by the infants of the trust fund beyond those which are established by the laws of North Carolina. Indeed, the agreements actually remove certain of these barriers, since if a guardian were to be appointed his use of the trust funds for the benefit of the infant must be subject to approval by the court having jurisdiction of the subject matter; whereas, by the express provisions of these trust agreements, the trustee, although empowered to deal with the funds as if he were guardian of the infants, is not required to secure approval of his acts by any court. As was said by the Supreme Court in the case of Fondren v. Commissioner, infra, "the crucial thing" in determining whether a gift is one of a future interest in property "is postponement of enjoyment." Here the right of the beneficiaries to present enjoyment of both the corpus and the income is not different from what it would be if the gifts had been made directly to each of them, or to a guardian for their benefit. There is no magic in mere words. These gifts to a trustee, since they conferred on the beneficiaries the same right to present enjoyment which they would have had if the gifts had been made to a guardian for them, must be judged by the same standard as that applied to gifts made to a guardian.

Appellant relies principally on the two Supreme Court cases of Fondren v. Commissioner of Internal Revenue, 1945, 324 U.S. 18, 65 S.Ct. 499, 504, 89 L.Ed. 668, and Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720. Both of these cases are readily distinguishable from the case before us. In the Fondren case no provision was made that the trustee should hold the trust funds as if he were a guardian; but on the contrary it was stated in the trust agreements themselves not only that the grantor contemplated that the beneficiaries would have other adequate means of support and that it would not be necessary to use either the income or the corpus of the estate for their benefit during minority, but the enjoyment of the principal was postponed so that the infants were not to receive anything on attaining their majority, but were only to have the right to get 25% of the corpus and accumulations at age 25; 33⅓% at age 30; and the remainder at age 35. In the Disston case the trusts were of the spendthrift variety. The income was to be accumulated until the minors respectively reached the age of 21, at which time the accumulated income was to be paid over to them, and the income thereafter was to be paid periodically with enjoyment of the corpus postponed until they reached the age of 45 years.

The views we here set out are in accordance with those of the Seventh and Ninth Circuits as expressed in Commissioner of Internal Revenue v. Sharp, 9 Cir., 1946, 153 F.2d 163, and Kieckhefer v. Commissioner of Internal Revenue, 7 Cir., 1951, 189 F.2d 118, in both of which cases the facts were very similar to those

in the case we are considering, and in which the Fondren and Disston cases are distinguished on the same general grounds.

We believe that the gifts made by appellees were equivalent to outright gifts by them to the infant beneficiaries. It follows that the judgment of the District Court allowing the statutory exclusion with respect to these gifts, and providing for recovery of the taxes and interest paid by reason of the deficiency assessments, is affirmed.

Affirmed.