ABRAHAM M. KATZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATHRYN Z. KATZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57784, 57785. Filed February 14, 1957.

784

*David Kugel, Esq.*, for the petitioners.
*Lyman G. Friedman, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in gift tax for 1951 in the amount of $787.50 against each petitioner. The facts have been stipulated.

Petitioners are husband and wife. In 1951 the husband, referred to as the donor, created 5 trusts, one for each of his 5 minor grandchildren, and transferred securities worth $6,000 to each. The wife consented to have the gifts considered as having been made to the extent of one-half by each spouse. The question for decision is whether the transfers created only present interests so as to entitle each spouse to an exclusion of $3,000 with respect to each gift. Sec. 1003 (b) (3), I. R. C. 1939.

Two trustees were named for each trust. The donor's accountant was one trustee and his co-trustee was the mother of the beneficiary of the particular trust. The trusts were otherwise substantially identical except for the names of the beneficiaries. The relevant provisions of one of the trusts are as follows:

FIRST: (a) The Trustees shall collect all income and after deducting the commissions on income of the Trustees and such expenses as are properly payable from income, shall apply the net income to the maintenance, education and support of BARBARA R. WEINTRAUB until she shall attain the age of 21 years, and/or shall pay the said net income to the general guardian of the said BARBARA R. WEINTRAUB until she shall attain the age of 21 years, and/or shall pay the said net income to the parents or natural guardian of the said BARBARA R. WEINTRAUB until she shall attain the age of 21 years. There shall be no accumulation of income during the minority of the said BARBARA R. WEINTRAUB.

(b) The Trustees are hereby authorized and empowered to apply all or any part of the principal of this trust for the maintenance, education and support of said BARBARA R. WEINTRAUB.

(c) This within trust shall cease and terminate when the said BARBARA R. WEINTRAUB shall attain the age of 21 years. Upon such termination the principal then in the hands of the Trustees shall be paid over to the said BARBARA R. WEINTRAUB for her own use, absolutely and forever.

(d) The within trust shall cease and terminate upon the death of the said Barbara R. Weintraub prior to attaining the age of 21 years, and in such event the principal then in the hands of the Trustees shall be part of the estate of the

said BARBARA R. WEINTRAUB and paid over by the said Trustees to the Executors or Administrators of the Estate of the said BARBARA R. WEINTRAUB.

\*　　\*　　\*　　\*　　\*　　\*　　\*

TENTH: The Donor's intention in creating this trust is to enable him to make a gift of the property set forth in Schedule A and of such property as the Donor may hereafter elect to give, to the said BARBARA R. WEINTRAUB who is an infant for whom no general guardian has been appointed. It is the Donor's intention that the Trustees shall have all the same authority with respect to the income and principal of this trust as if they were the general guardians for the said BARBARA R. WEINTRAUB except that they shall not be required to make application to any court with respect to the use and/or disposition of all or any part of the income and principal.

Apart from the provisions of paragraph Tenth, the trust plainly created a future interest in the securities transferred, for the trust was to last until the majority or prior death of the beneficiary and the discretionary power in subparagraph (b) of paragraph First to apply principal for the maintenance, education, and support of the beneficiary is not sufficient to convert the transfer into a present interest. If the trust is to qualify as a present interest, the beneficiary "must have the right presently to use, possess or enjoy the property." *Fondren* v. *Commissioner*, 324 U. S. 18, 20; *Commissioner* v. *Disston*, 325 U. S. 442. Or, at the very least, the beneficiary or someone standing in his shoes (such as a guardian or a parent) must have the unqualified right to demand at any time that the property be turned over to the beneficiary or applied for his benefit. Cf. *George W. Perkins*, 27 T. C. 601, where such right existed; *Stifel* v. *Commissioner*, 17 T. C. 647, affirmed 197 F. 2d 107 (C. A. 2), where there was no person who could make such effective demand for the immediate enjoyment of the beneficiaries.

Petitioners seek to overcome the effect of the foregoing principles by reliance upon paragraph Tenth. Had outright gifts been made directly to the beneficiaries or to guardians acting for them there would be no question that the transfers were of present interests. However, the donor chose instead to create trusts and, although he invested the trustees with broad authority, they were nevertheless trustees and not guardians. Moreover, even if the mother might otherwise be regarded as standing in the shoes of her child (cf. *George W. Perkins, supra*), she could not exercise her powers as trustee without the consent of the other trustee, a stranger. *Matter of Peoples National Bank & Trust Co. of White Plains*, 90 N. Y. S. 2d 384. Such trustee could just as effectively prevent the beneficiaries from having the full present use of the property as could the trustees in the *Fondren* and *Disston* cases, and since he is not in fact a guardian he cannot be transformed into one merely by labeling his authority

as being equivalent to that of a guardian.[1] If a guardian were subsequently appointed he certainly would have no authority to compel the trustees to distribute principal to or on behalf of the minors. We conclude the interests created in the securities were future interests. But cf. *United States* v. *Baker*, 236 F. 2d 317 (C. A. 4); *Strekalovsky* v. *Delaney*, 78 F. Supp. 556 (D. Mass.).

Petitioners point out that under section 2503 (c) of the 1954 Code they would have been entitled to the exclusions. However, the new provision does not appear to be retroactive, and we have not been directed to any legislative history showing that Congress understood it to be merely declaratory of prior law.

Conceivably, under subparagraph (a) of paragraph First the right to the income might be regarded as a present interest under the 1939 Code. However, no evidence was presented as to the values of the income interests, and since petitioners did not raise the issue we do not undertake to pass upon it.

*Decisions will be entered for the respondent.*

---

[1] Furthermore, the authority to apply principal on behalf of the beneficiary is stated in paragraph First in terms of "maintenance, education and support," and we think that paragraph Tenth must be read together with paragraph First and not apart from it.

