WILLIAM GOEHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MINNIE GOEHNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58192, 65635. Filed May 29, 1957.

*F. O. Miniutti, Esq.*, for the petitioners.
*Maurice S. Bush, Esq.*, for the respondent.

MULRONEY, *Judge:* The respondent has determined deficiencies in the gift tax of each petitioner in the above-consolidated cases for the year 1951 in the sum of $63.76.

The sole issue is whether certain gifts in trust were of "future interests" within the meaning of section 1003 (b) (3) of the Internal Revenue Code of 1939.

FINDINGS OF FACT.

The petitioners, William Goehner and Minnie Goehner, are husband and wife. They have two daughters, Evelyn Walz and Grace Greiff.

Grace and her husband, Fred, have three children, Barbara, Gale, and Kenneth, who, at the time of trial, were about 12, 10, and 7 years of age, respectively. Evelyn and her husband, Ernest Walz, have two children, Carol Ann and William, who, at the time of the trial, were about 19 and 16 years of age respectively.

William Goehner has been the principal stockholder of the Jersey City Welding & Machine Works, Inc., since about 1928 and is its president. His two sons-in-law are associated with him in the management of this company and each receives a salary of about $12,000 a year. As of its fiscal year ended November 30, 1950, Jersey City Welding & Machine Works, Inc., had assets of $367,022.85 and a surplus of $189,250.18 and the company has only paid a dividend in one year since William Goehner became its chief stockholder in about 1928, the dividend being paid in some year prior to 1946.

On September 15, 1951, William Goehner made a gift of 20 shares of the capital stock of the value of $4,944.56 in Jersey City Welding & Machine Works, Inc., to each of his two daughters, and 10 shares of said stock of the value of $2,472.28 to each of his two sons-in-law. These gifts were reported in a gift tax return filed for the calendar year 1951 with the then collector of internal revenue for the district of New Jersey at Newark, New Jersey, and Minnie Goehner consented to have the gifts considered as having been made to the extent of one-half by each spouse. Annual exclusions under the provisions of section 1003 (b) (3) of the Internal Revenue Code of 1939, as amended, were claimed in said gift tax returns and were allowed by the respondent.

On September 15, 1951, petitioner William Goehner also made gifts of 30 shares of the capital stock of said Jersey City Welding & Machine Works, Inc., to Fred and Grace Greiff in trust for their children, Barbara, Gale, and Kenneth. On the same day, petitioner William Goehner made a similar gift of 30 shares of stock of the company to Ernest and Evelyn Walz in trust for their children, Carol Ann and William. Each block of 30 shares had a value of $7,416.84. These gifts were also reported in the aforementioned gift tax return for the calendar year 1951 and they were reported at one-half their value because of the consent that the gifts were to be considered as having been made one-half by William Goehner and one-half by Minnie Goehner. Annual exclusions were also claimed in said returns against these gifts in the total amount of $15,000 under the provisions of section 1003 (b) (3) of the Internal Revenue Code of 1939. These exclusions were disallowed by respondent in separate notices of deficiency to each of the petitioners on the ground that they constituted gifts of future interests. The deficiencies involved herein result solely from this disallowance.

The above-described gift by petitioner William Goehner of 30 shares of capital stock of Jersey City Welding & Machine Works, Inc., to Fred and Grace Greiff in trust for their three children was made by a written agreement dated September 15, 1951, which agreement contains the following pertinent provisions:

THIS AGREEMENT, made the fifteenth day of September, in the year one thousand nine hundred and fifty-one, BETWEEN WILLIAM GOEHNER, of the City of Jersey City, in the County of Hudson and State of New Jersey, hereinafter called the "Settlor", and FRED GREIFF and GRACE GREIFF, his wife, of the Township of Maplewood, in the County of Essex and State of New Jersey, hereinafter called the "Trustees".

WITNESSETH that the Settlor in consideration of the love and affection for his grandchildren, and of his desire to provide and secure for them proper maintenance, education and support, and in further consideration of the sum of one dollar to him in hand paid and of the mutual covenants herein contained does hereby sell, assign, transfer and set over, grant and convey unto the Trustees certain securities more particularly enumerated on the Schedule hereto annexed and marked "Schedule A" which is hereby made a part hereof for the following uses and purposes:

1. The Trustees shall receive and hold said property, nevertheless in trust, to invest and reinvest the same and the proceeds thereof, and shall collect and receive the income and profits therefrom and shall use and apply all of the net income thereof, and so much or all of the principal as they shall deem necessary or advisable for the education, support, maintenance, health and welfare of the settlor's minor grandchildren, GALE GREIFF, BARBARA GREIFF and KENNETH GREIFF, until each of said minor grandchildren reaches the age of twenty-one years, at which time the Trustees, or the survivor of them, shall transfer, convey, deliver and pay over the balance of the property constituting the share of such minor to him or her, free from trust, but if any of such minors, shall die before attaining the age of twenty-one years, the trust as to the share of such minor shall cease at his or her death and the property representing the share of such minor shall pass and belong to the persons who may then be the next of kin entitled to receive the personal estate of such minor grandchild according to the laws of the State of New Jersey, then in force, with respect to the distribution of personal property, as if title to said fund was in the individual name of such minor grandchild, it being understood that title to said fund is being placed in the name of the Trustees, solely because of the laws of the State of New Jersey which restrict and limit minors in dealing with their personal estates and to permit the free and unlimited use of said fund for the benefit of said minors during the period of their minority irrespective of the ability of their parents to provide for them and without the necessity of applying to a Court of competent jurisdiction for permission to use minors' funds for their benefit.

2. It is the intention of the Settlor that all of the property transferred to the Trustees hereunder shall be held in three equal and separate trust funds, one for each of the said Gale Greiff, Barbara Greiff and Kenneth Greiff, and that the balance of principal and any unexpended income of each fund shall be paid to each child as he or she reaches the age of twenty-one years.

The gift by William Goehner of 30 shares of the capital stock of Jersey City Welding & Machine Works, Inc., to Ernest Walz and Evelyn Walz in trust for their two children was made by an agreement

identical with the agreement quoted above except for the names of the trustees and beneficiaries.

The parents of the children who are the beneficiaries of the two trusts have, at all times, been financially able to take care of and support and educate their children. No issue is presented as to the income of the trusts being a gift of a present interest.

OPINION.

This issue of whether a gift to a trustee for the benefit of minors is a gift of a present or future interest has often been presented to the courts. Opinion writers on the subject have indulged in what has been called "the traditional judicial knack of line-drawing." [1] With substantial consistency, a fairly straight line emerges from the authorities which places such gifts on the side of future interests unless there be someone, such as a guardian or a parent, who, at the time the trust was created, could make an effective demand, on behalf of the minor, for the immediate possession and enjoyment of the property. The following cases lay down the test that is to be applied and cite and discuss most all of the opinions on the subject: *Fondren* v. *Commissioner*, 324 U. S. 18; *Commissioner* v. *Disston*, 325 U. S. 442; *George W. Perkins*, 27 T. C. 601; and *Abraham M. Katz*, 27 T. C. 783.

The guiding principles were outlined and applied recently in our Opinions in *George W. Perkins*, *supra*, and *Abraham M. Katz*, *supra*. In the *Perkins* case, the trust instruments provided the beneficiaries (minor grandchildren of the settlor), their duly appointed guardians, or their parents, were given the right to demand and receive all or a part of the trust income or principal. We held the gift was of a present interest. In the course of the Opinion, we stated (p. 604) : "The issue as to whether a gift is of a present or future interest is not one of the time of vesting, but rather whether there is any substantial barrier to the present use, possession, or enjoyment by the donee." The decision for the taxpayer was on the ground that the parents of the beneficiaries "were given the power by clear and unambiguous language to demand and receive on behalf of their respective children all or part of the principal and accumulated income." In the Opinion we warned that the decision would probably be otherwise if the trust instrument had limited the power to demand income or principal to the beneficiaries, who were minors and unable effectively to exercise the right, or to their legally appointed guardians, when at the time of the gift no guardians were appointed. In such case, we said (p. 605) : "There would have been at the time such gifts were made no person who could make an effective demand for immediate use, possession, and enjoyment by the beneficiaries."

---

[1] *Stifel, Jr.* v. *Commissioner*, 197 F. 2d 107.

In *Abraham M. Katz, supra,* the donor's trust for his five minor grandchildren provided the trustees pay the income for the minors' benefit or otherwise pay it over to the parent or guardian and further provided the trustees were authorized to apply any part of the principal for the maintenance, education, and support of the minors. A further provision stated the trustees were to have the same authority with respect to the income and principal as if they were general guardians. We held the gifts created future interests and the donor was therefore not entitled to the exclusions under section 1003 (b) (3). Again we pointed out (p. 785) : "If the trust is to qualify as a present interest, the beneficiary 'must have the right presently to use, possess or enjoy the property.' *Fondren* v. *Commissioner,* 324 U. S. 18, 20; *Commissioner* v. *Disston,* 325 U. S. 442. Or, at the very least, the beneficiary or someone standing in his shoes (such as a guardian or a parent) must have the unqualified right to demand at anytime that the property be turned over to the beneficiary or applied for his benefit." We held there the trust did not qualify as a present interest for "although he [donor] invested the trustees with broad authority, they were nevertheless trustees and not guardians." We held that since the trustee was "not in fact a guardian he cannot be transformed into one merely by labeling his authority as being equivalent to that of a guardian."

In the light of these principles and decisions, we conclude the trusts in the instant case do not qualify as gifts of present interests. The broad powers granted to the trustees were about the same as the powers granted to the trustees in the *Katz* case. The only difference is that here the trustees were the parents of the beneficiaries. In the *Katz* case one of the trustees was the mother of the beneficiaries and the other was donor's accountant. In the instant case there was still no person who had the unqualified right to demand the property. One parent could not act without the consent of the other. Moreover, the trust instrument provided for the appointment of a successor trustee by the donor if alive when a trustee resigned or died, and, by his will, if he "shall not be then living." Furthermore, the trustees' authority to apply principal on behalf of the beneficiaries is stated to be "so much or all of the principal as they shall deem necessary or advisable for the education, support, maintenance, health and welfare of the settlor's minor grandchildren." The stated purpose of the trusts was to secure for the grandchildren "proper maintenance, education and support." Since it is admitted that at the time of the creation of the trusts the parents were able to give the beneficiaries proper maintenance, education, and support, it is by no means clear the parents as trustees could have the right to immediately devote the principal to the benefit of the beneficiaries—even if the parents as

trustees be regarded as standing in the shoes of their children. That we should "consider the circumstances in which the gifts were made," see *Fondren* v. *Commissioner, supra.* We conclude the interests created in the securities were future interests.

*Decisions will be entered for the respondent.*