BEATRICE B. BRIGGS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73242. Filed September 29, 1960.

*Walter L. Nossaman, Esq.,* and *Joseph L. Wyatt, Jr., Esq.,* for the petitioner.

*L. Justin Goldner, Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* The petitioner contests a deficiency of $5,255.81 in gift tax for 1954, based on a determination by the Commissioner that gifts of stock made by petitioner to nine minor donees under guardianship were gifts of future interests in property rather than present interests.

All of the facts are stipulated and the stipulation of facts together with the pertinent exhibits are incorporated herein by reference.

Petitioner permanently resides in Naples, Florida, where she resided during the taxable year 1954. Her gift tax return for that year was filed with the director of internal revenue at Jacksonville, Florida.

The gifts in question consisted of shares of corporate stock of the Outboard Marine & Manufacturing Company and were made by the petitioner and her husband by deed of gift to already-appointed guardians of the minor donees. During 1954 the minor donees resided in California and Illinois with their respective parents.

Each gift made to the children in California was made "subject to terms and conditions of the order of the Superior Court for Los Angeles County in the matter of your guardianship" made by the court authorizing the donee's guardian to accept the gifts. The gift made to the minor donee residing in Illinois was made subject to the same conditions, specified in the deed of gift itself. The conditions attached to each gift were stated as follows:

1. That each gift is made subject to all gift taxes thereon. The Donee shall pay all such taxes imposed upon the Donor (Stephen F. Briggs or Beatrice B.

Briggs, as the case may be) by reason of such gift, or shall reimburse the Donor therefor, without interest. Such payment or reimbursement shall be made only out of the corpus of the donated property, or out of other property of the Donee, and in no case out of income from the donated property.

2. That your Guardian shall be authorized but not required to use or expend any part of the donated property or of the income therefrom, or both, for your support, maintenance and education; any income not used for the purposes mentioned to be invested for your benefit.

3. That your Guardian shall in no case be required to convert the donated shares of stock into any other form of holding, but is authorized to retain such shares as long as in your Guardian's judgment retention is in the best interests of yourself, as Donee.

The parents of each beneficiary were at the time of the gift and thereafter fully willing and able to provide adequately for the maintenance, education, and support of each of the beneficiaries. Petitioner was aware of this fact and expected that state of affairs to continue, but she recognized the possibility that future needs or misfortunes might arise which could alter that state of affairs.

At the time of the gifts in question and thereafter during the minority of the minor donees, the respective fathers of each of the donees served as their respective guardians, duly appointed by an appropriate court, and accounts and reports of each of the guardianship estates have been filed and approved by these courts without any appeal from any of these accounts.

These accounts and reports indicate that dividends from the donated stock were received by the guardians and that disbursements were made from each of the guardianship estates, including cash distributions to the minors themselves (sometimes referred to as "allowances"), payments of the minors' income and gift taxes, and various types of insurance premiums, and in some cases, payments of private school tuition and expenses, dental expenses, airplane fare and bus fare, clothing and other wearing apparel, summer camp, court costs, automobiles, purchase of investments, bank charges, and miscellaneous expenses not otherwise identified in the accounts.

When any of the minors reached age 21, his or her guardianship was terminated and the estate was delivered to him or her, including the gift property here involved.

The gifts were made in 1954 at a time when section 1003(b)(3) of the Internal Revenue Code of 1939 was applicable. If the gifts were of future rather than present interests in property, the petitioner is not entitled to the annual $3,000 gift tax exclusion for each of the gifts in 1954.

The Commissioner's argument is summarized as follows: The California law, as well as that of Illinois, prevents parents of minors (who in this case are also legal guardians) from using the estates of their minor children or the income therefrom for the support, maintenance, and education of their children, unless the estates of the parents are

insufficient to support the children in accordance with their station in life. In other words, the Commissioner argues, the minor donees did not at the time of the gifts "receive the unqualified and immediate right *then* to the use and enjoyment * * * of the donated property and the income therefrom."

We think the Commissioner's argument cuts too deep. The so-called condition, set forth as paragraph 2 above, to which our attention is directed, is not, in our opinion, a restriction on the use of the gifts themselves or their income which transforms what otherwise would be a gift of a present interest in the property into a future interest. The purpose of the condition was just what the petitioner contends it was; i.e., to remove the restriction imposed by State law, which permits the use of a minor's estate for the minor's support, maintenance, and education only if the parents are unable themselves to provide for such needs from their own estates. See Cal. Prob. Code secs. 1502, 1503, 1504, and Ill. Ann. Stat. ch. 68, sec. 52(a) (Smith-Hurd).[1] It was a provision designed to free the guardians from these limitations of State law and not a restriction on the present use of the gift property imposed by the donor. As a matter of fact, the provision had the effect of *removing* a limitation and not of *imposing* one on the immediate use of the property for the minors' benefit.

That the guardians so interpreted the "condition" of the gifts is shown by the character of the expenditures made and reports filed with and approved by the appropriate courts. They ranged from

---

[1] Cal. Prob. Code, sec. 1502:

Every guardian of an estate must manage it frugally and without waste, and apply *the income,* as far as may be necessary, to the comfortable and suitable support, maintenance and education of the ward and his family, if any; * * * [Emphasis supplied.]

Cal. Prob. Code, sec. 1503:

Whenever a guardian fails, neglects *or refuses* to furnish *suitable* support, maintenance or education for his ward, the court may order him to do so, and enforce such order by proper process * * * [Emphasis supplied.]

Cal. Prob. Code, sec. 1504:

Support of ward having father living: [Use of income of minor's estate: Allowance on accounting]. *If* a minor having a father living has property, the income of which is sufficient for his support, maintenance and education in a manner *more expensive than his father can reasonably afford,* regard being had to the situation of the father's family and all the circumstances of the case, the expenses of the support, maintenance and education of such minor may be defrayed *out of the income* of his own property, in whole or in part, as judged reasonable, and as directed by the court; and the charges therefor may be allowed accordingly in the settlement of the accounts of his guardian. [Emphasis supplied.]

Cal. Prob. Code, sec. 1516:

In all cases where no other or no different procedure is provided by statute, the court on petition of the guardian, creditor or other interested party may *from time to time* instruct the guardian as to the administration of the ward's estate and the disposition, management, care, protection or preservation of the estate or any property thereof. Notice of the hearing of such petition shall be given for the period and in the manner required by section 1200 of this code * * * [Emphasis supplied.]

Ill. Ann. Stat. ch. 68, sec. 52(a) (Smith-Hurd):

For the purposes of this Act:

(a) A husband is liable for the support of his wife, and a wife for the support of her husband if he is in need of such support and likely to become a public charge. *Both husband and wife are severally liable for the support of any child or children under 18 years of age,* or 18 years of age or over whenever such child is unable to maintain himself and is likely to become a public charge. * * * [Emphasis supplied.]

allowances, to automobiles, clothing, airplane and bus fare, and tuition. And this without any showing that these were items "more expensive than his father can reasonably afford" which would justify dipping into the minor's estate under California Probate Code section 1504.

Some of the difficulty in this case arises from the fact that the donees are infants represented by guardians. This, however, does not necessarily convert the gift of a present interest into a future interest. As indicated in the Commissioner's brief: It was stated in *Fondren* v. *Commissioner*, 324 U.S. 499 (1944), that "The statute in this respect purports to make no distinction between gifts to minors and gifts to adults. If there is deferment in either case the exemption is denied." In Revenue Ruling 54–400, 1954–2 C.B. 319, it was stated that:

An *unqualified* and *unrestricted* gift to a minor, *with* or *without* the appointment of a legal guardian, is a gift of a present interest; and disabilities placed upon minors by State statutes should not be considered decisive in determining whether such donees have the immediate enjoyment of the property or the income therefrom within the purport of the Federal gift tax law. * * * In the case of an *outright* and *unrestricted* gift to a minor, the mere existence or non-existence of a legal guardianship does not of itself raise the question whether the gift is of a future interest. * * * It is only where delivery of the property to the guardian of a minor *is accompanied by limitations upon the present use and enjoyment of the property by the donee, by way of a trust or otherwise, that the question of a future interest arises.* * * * [Emphasis supplied.]

As we have indicated above the donor in this case imposed no restrictions or limitations on the present use and enjoyment of the property by the donees. The only limitations on the use of the property were those imposed by State law and it has been recognized, both in Revenue Ruling 54–400, *supra*, and case law, that such limitations are not decisive and do not make a gift to a minor under guardianship a future interest.

In *United States* v. *Baker*, 236 F. 2d 317, 320 (C.A. 4, 1956) it was stated:

The trust agreements with which we are concerned here created no barriers to the present enjoyment by the infants of the trust fund beyond those which are established by the laws of North Carolina. Indeed, the agreements actually remove certain of these barriers, since if a guardian were to be appointed his use of the trust funds for the benefit of the infant must be subject to approval by the court having jurisdiction of the subject matter; whereas, by the express provisions of these trust agreements, the trustee, although empowered to deal with the funds as if he were guardian of the infants, is not required to secure approval of his acts by any court. As was said by the Supreme Court in the case of Fondren v. Commissioner, infra, [324 U.S. 18, (1945)], "the crucial thing" in determining whether a gift is one of a future interest in property "is postponement of enjoyment." Here the right of the beneficiaries to present enjoyment of both the corpus and the income is not different from what it would

be if the gifts had been made directly to each of them, or to a guardian for their benefit. There is no magic in mere words. These gifts to a trustee, since they conferred on the beneficiaries the same right to present enjoyment which they would have had if the gifts had been made to a guardian for them, must be judged by the same standard as that applied to gifts made to a guardian.

And in *Kieckhefer* v. *Commissioner*, 189 F. 2d 118 (C.A. 7, 1951) reversing 15 T.C. 111 (1950), the court said:

As heretofore shown, the fallaciousness of the Commissioner's contention is the failure to distinguish between restrictions and contingencies imposed by the donor (in this case the trust instrument), and such restrictions and contingencies as are due to disabilities always incident to and associated with minors and other incompetents. As to the former, it is authoritatively settled that a gift *upon which the donor imposes such conditions or restrictions* is of a future interest. In the latter, such restrictions as exist are imposed by law due to the fact that the beneficiary is incapable of acting on his own. It is our view, and we so hold, that such restrictions do not transform what otherwise would be a gift of present interest to one of future interest. [Emphasis supplied.]

See also *Commissioner* v. *Sharp*, 153 F. 2d 163 (C.A. 9), affirming 3 T.C. 1062.

It is to be noted that the gifts here were made directly to minors under guardianship. No trust or other person or entity was interposed between the donor and the guardian who stood in the shoes of the minor donee. This was not the case in *Stifel* v. *Commissioner*, 197 F. 2d 107 (C.A. 2), affirming 17 T.C. 647 and *Abraham M. Katz*, 27 T.C. 783, where a result different from the result here was reached. However, in both of those cases the court indicated that had a guardian been appointed to exercise the children's rights or, "Had outright gifts been made directly to the beneficiaries or to guardians acting for them there would be no question that the transfers were of present interests." *Abraham Katz, supra* at 785. That, as we see it, is the case here.

The Commissioner further argues that the gifts were of future interests because the right of the donees to receive the stock or the income therefrom depended upon the exercise of discretion by the guardian. There is no merit in this contention. The only discretion lodged in the guardian was that provided for by State law—and the donor here had attempted to broaden that discretion. Whatever restrictions there were were those imposed by State law on *all* guardians. They were not imposed by the donor. If this argument of the Commissioner were carried through it appears that it would be impossible to make a gift of a present interest to a minor under guardianship, and that is not the law as we understand it.

The Commissioner further contends that petitioner intended these gifts to be of future interests and points to the fact that in making similar gifts of stock in other years no such "conditions" were attached.

We conclude from the record, however, that the so-called conditions were inserted from an abundance of caution for the purpose of removing State law restrictions and making it unnecessary for the guardians to obtain prior court approval before making the expenditures which were made from the donated funds. We see no intent to give future interests rather than present.

We hold that the gifts here involved were gifts of present interests in property.

Reviewed by the Court.

*Decision will be entered for the petitioner.*