MARY C. BUCK, DECEASED, MARY ANGIELA MASON, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buck v. Commissioner
Docket No. 2106-70.
United States Tax Court
T.C. Memo 1972-231; 1972 Tax Ct. Memo LEXIS 25; 31 T.C.M. (CCH) 1134; T.C.M. (RIA) 72231; November 20, 1972, Filed Henry Gelles, for the petitioner. Ronald A. Wagenheim, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: The Commissioner determined deficiencies in the gift tax liability of the estate of Mary C. Buck as follow: Year
Deficiency
1957
$ 855.04
1958
535.92
1959
367.50
1960
210.00
1961
662.06
1962
451.47
1963 405.00
Total
$3,486.99
All of the facts are stipulated and are so found. The donor, Mary C. Buck, died on October 17, 1966 in Clinton County, New York. Her daughter, Mary Angiela Mason, qualified as executrix of the estate. She resided at Peru, New York on the date the petition was filed. Prior to her death Mary Buck created identical irrevocable trusts for the benefit of her grandchildren as follows: Beneficiary
Date Born
Trust Created
Mary Elizabeth Mason
May 2, 1953
Dec. 15, 1957
James P. Mason
June 30, 1954
Dec. 15, 1957
Philip C. Mason, Jr.
Sept. 26, 1955
Dec. 15, 1957
Ann Coll Mason
July 2, 1958
Oct. 10, 1958
Margaret Buck Mason
July 29, 1960
Jan. 9, 1961
*27 The following cash transfers were made to the individual trusts in the years indicated: Year
Philip
James
Mary
Ann
Margaret
1957
$5,271.86
$5,273.42
$5,273.42
1958
1,000.00
1,000.00
1,000.00
$ 3,000.00
1959
500.00
500.00
500.00
2,000.00
1960
2,000.00
1961
500.00
500.00
$4,500.00
1962
500.00
750.00
344.20
1,750.00
1963
500.00
500.00
500.00
500.00
1,000.00
All of the trust agreements (hereafter collectively referred to as the indenture) are identical to each other. The settlor directed the trustee, who was to serve without compensation, to hold and manage the trust estate and any further property added by the settlor or other persons until the primary beneficiary reached the age of 30. Income was to be accumulated and paid over with corpus at that time, however Article III of the indenture conferred upon the trustee the discretionary power to expend corpus or accumulated income for the education, support, or maintenance of the primary beneficiary. Article XI provides "This agreement shall be construed and regulated in all respects by the State of New York." Mary Buck exercised in full her statutory option *28 to deduct the specific lifetime exemption provided by section 2521, I.R.C. 1954, [1] from gifts made in years prior to the taxable years in issue. All of the cash transfers in trust were made during the minority of the primary beneficiaries. It is of course not relevant that many of the cash transfers were of amounts less than $3,000 if the use and enjoyment of the money is governed by the indenture. The parties agree that the disputed gift tax liability turns solely on the availability of the exclusion provided by section 2503. [2]
*29 A number of legal contentions are presented by this case due to the interaction of section 2503, the terms of the indenture, and the laws of New York. First, since gifts to minors are involved, the relevance of subsection (c) of section 2503 must be noted. If all the conditions of that subsection are fulfilled the exclusion is available; but if not, the estate possibly may prevail under section 2503(b). Second, since corpus consists of income-producing property the gifts in trust may properly be visualized as separate gifts of corpus and of accumulated income -- either of which conceivably may meet the requirements of section 2503(c) independently of the other. Arlean I. Herr, 35 T.C. 732 (1961), acq. 1968-2 C.B. 2, affd. 303 F. 2d 780 (C.A. 3, 1962). Last, the proper gift tax treatment of the four earlier trusts may differ from that of the latest-created trust (Jan. 9, 1961 for Margaret Buck Mason) due to an intervening change in the New York law concerning accumulations of income. We decide all issues in the Commissioner's favor. Rather than examine every permutation of the applicable law of this case we shall set out the reasons which *30 we think preclude a determination favorable to the estate under any combination of premises. If petitioner is relegated to the general provisions of section 2503(b), it is clear that the cash gifts in trust do not qualify for the per donee exclusion. It is not available for gifts of a future interest. The trust corpus in this case lacks the characteristics of a present interest since the right to enjoy it was contingent upon the cestui que trust living to age 30. As for the income interests, we have noted that Article I of the indenture directs the trustee to accumulate income until 30 and that Article III authorizes the trustee in his absolute discretion to expend corpus or accumulated income for the beneficiary's education, support or maintenance. Long ago the United States Supreme Court decided that: In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. Commissioner v. Disston, 325 U.S. 442, 448-49 (1945) $ ;:
accord, Arlean I. Herr, supra; *31 section 25.2503-3(c), ex. (1), Gift Tax Regs. Neither party has brought out evidence which would show that a steady flow of some ascertainable portion of income would be required for the education, support or maintenance of the beneficiaries. Consequently the income interest is not a present interest either. We turn next to section 2503(c)(2)(B), one of the conditions which must be satisfied in order for transfers in trust for a minor to qualify for the $3,000 exclusion. It is provided in the first article of the indenture that if a beneficiary dies before reaching age 30 the trustee is to distribute the corpus and any accumulated income to the living issue of the beneficiary: but if said Beneficiary shall die leaving no issue surviving, the Trustee shall distribute the trust estate together with all accumulations of income to the brothers and sisters of the Beneficiary then living in equal shares. The provision fails to conform to section 2503(c)(2) (B), which requires that the payment be made to the donee's estate or to his appointee under a general power of appointment. Morris M. Messing, 48 T.C. 502, 514 (1967), acq. 1968-2 C.B. 2, and the cases *32 therein cited. That infirmity alone is sufficient to preclude the applicability of the "safe harbor" provisions of section 2503(c). The estate argues ingeniously that the five trusts are void under New York law either because the vesting of corpus is too long delayed or because the directions for the accumulation of income are invalid. Specifically it is contended that as to corpus all five offend the pertinent New York statutes concerning suspension of absolute ownership of property; [3] that as to accumulated income the first four trusts violate the prohibition against accumulations beyond the age of majority; [4] and that notwithstanding the relaxation of this prohibition for transfers effective after September 1, 1959 the directions for accumulation still exceed the limits on the suspension of absolute ownership of property. *33 By the estate's own admission, however, a New York court would not void altogether an instrument containing such violations, but rather would construe it so as to comply with the statutes, excising an offending clause if necessary. In re Carvalho's Will, 57 N.Y.S. 2d 311, 319, affd. 57 N.Y.S. 2d 336 (1944); In re Homler's Will, 132 N.Y.S. 2d 642 (1954); Application of Uran, 204 N.Y.S. 2d 840 (1960); see also N.Y. Estates, Powers & Trusts Law sec. 9-2.1(b) (McKinney, 1967). The estate contends that notwithstanding the indenture terms the right to corpus and accumulated income would vest in each beneficiary at age 21. We cannot agree with the suggestion that the five trusts therefore qualify under section 2503(c), since the directions for the disposition of the trust assets upon the untimely death of a beneficiary still cannot be reconciled with the language of section 2503(c)(2)(B). Of more interest to us was the possibility that the trusts were totally void, in which case the cash transfers over the years were present gifts when made. Rev. Rul. 54-400, 1954-2 C.B. 319; Beatrice B. Briggs, 34 T.C. 1132, 1135 (1960). *34 Since we have determined that under New York law the indenture would not be a nullity in any event, it is immaterial for purposes of section 2503 (b) that the trusts may have violated the New York rule against perpetuities and the limitations on accumulations of income. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated. ↩
2. Section 2503 provides in pertinent parts as follows: SEC. 2503. TAXABLE GIFTS. (b) Exclusions From Gifts.--In computing taxable gifts for the calendar quarter, in the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1971 and subsequent calendar years, $3,000 of such gifts to such person less the aggregate of the amounts of such gifts to such person during all preceding calendar quarters of the calendar year shall not, for purposes of subsection (a), be included in the total amount of gifts made during such quarter. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. (c) Transfer for the Benefit of Minor.--No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom-- (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended-- (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514 (c).↩
3. L.N.Y. 1929, ch. 299, sec. 18 (effective Sept. 1, 1930), amended L.N.Y. 1960, ch. 448, sec. 2 (effective April 12, 1960). ↩
4. L.N.Y. 1928, ch. 172, which was effective prior to Sept. 1, 1959, prohibited accumulations of income of personal property beyond the majority of a minor beneficiary. Prospectively thereafter the rule was that accumulations of personal property were valid if directed to commence and to terminate within the time allowed for the suspension of the absolute ownership of such property. L.N.Y. 1959, ch. 453, sec. 1 (amended by L.N.Y. 1961, ch. 866, sec. 2, effective Apr. 24, 1961).↩